## DOWNING vs. RUGAR.

In the exercise of a *public* as well as *private* authority, whether it be *ministerial* or *judicial*, all the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed. Where the authority is *public*, and the number be such as to admit of a *majority*, such majority will bind the *minority* after all have duly met and conferred.

Where the authority is conferred upon *two*, nothing can be done without the consent of *both*; yet where the authority is public, to prevent a failure of justice or injury to the public, one may act without the other: as if one be dead, or interested, or absent. Upon this principle, one of two *overseers of the poor* is authorized to institute and carry on proceedings for the seizure of the property of one who has absconded, leaving his wife or child chargeable to the town. At all events, where only one overseer acts, the *consent of the other will be presumed*, upon the presumption in favor of the performance of official duty, that he had been *conferred with* and *consulted as to* the proceedings to be had.

So strong is the presumption in favor of the performance of official duty, that it always prevails, unless it be shown to be otherwise by direct and positive proof, coming from the mouths of witnesses whose relation to the transaction enables them to put a *direct negative* upon the presumption: thus in this case it was held, that the *presumption of consent* could be rebutted only by the testimony of the *other overseer*.

It *seems* that if the inhabitants of a town at their annual town meeting, were to elect but *one* instead of *two* overseers of the poor, that the one elected would have no authority to act for the want of a colleague; but that it would be otherwise if *two* were elected, and one should die or become disqualified.

On an application for a warrant against a person said to have absconded, leaving his wife or children chargeable to the public, the *wife* of such person is not a competent witness to prove the fact; but if a warrant be granted upon her *testimony*, the proceeding is *not void*, it is *voidable* only, and a protection to all persons acting under its authority, although actors in the obtaining the warrant.

THIS was an action of *trover*, tried at the Yates circuit, in June, 1838, before the Hon. DANIEL MOSELEY, one of the circuit judges.

Downing v. Rugar.

The suit was brought for the taking of a horse. The defendant justified the taking as an *overseer of the poor*, by virtue of a warrant issued by two justices, on a complaint made to them by the overseers of the poor of the town of Potter, in the county of Yates, that the plaintiff had *absconded*, leaving his wife and child chargeable or likely to become chargeable to the public for support. The warrant, issued 15th January, 1838, after reciting the complaint, authorized the overseers of the poor of the town of Potter to seize and take the goods and chattels, &c., of the plaintiff, make an inventory thereof, and return the same with their proceedings in the matter to the next court of general sessions. By virtue of this process, the *defendant* seized the horse in question, together with other property, made an inventory, returned the warrant, &c., and the court of general sessions, by rule, confirmed the proceedings. On the part of the plaintiff, it was shown that the *only witness* sworn in support of the complaint made to the magistrates, was the *wife* of the plaintiff ; and that the application for the warrant and all the other proceedings in the matter, were had by the *defendant* alone, *no other overseer* of the poor uniting with him in the matter : one of the magistrates, however, stated that he did not know whether there was *any other overseer* of the poor of the town of Potter, at the period of those proceedings, besides the defendant. On showing these facts, the plaintiff insisted that the evidence offered by the defendant should be *excluded from the consideration of the jury*. The judge ruled that the evidence was proper to be submitted to the jury. The plaintiff then proved a *resolution* of the board of supervisors of the county of Yates, passed in 1831, abolishing the distinction between *town* and *county* poor ; and that since that period the poor of the *county* had been supported under the management and direction of *county superintendents of the poor ;* but failed to prove that the determination of the supervisors had been *filed with the county clerk*, 1 R. S. 629, § 28, 2d ed. The plaintiff renewed his objections to the evidence produced by the defendant, contending that it was now apparent that the defendant had failed to make out a justifica-

tion ; that the distinction between *town* and *county* poor having been abolished, the duties of *overseers of the poor* of the several towns in cases of this kind were transferred to the *county superintendents*, and that therefore the whole proceedings on the part of the defendant were *coram non judice.* This objection was again overruled by the judge, who amongst other things charged the jury that he was inclined to the opinion that the defendant was justified by the warrant ; and if, *from the evidence given on the trial*, they were not satisfied that the board of supervisors of the county had abolished the distinction between town and county poor, they were authorized to find that the *overseers of the poor* still retained and had jurisdiction of the *subject matter* of the complaint upon which the warrant had issued. The jury found for the defendant. The plaintiff asks for a new trial.

*S. Stevens*, for the plaintiff. The distinction between *town* and *county* poor, was abolished in the county of Yates, in 1831, and the duties formerly incumbent upon *overseers of the poor* in cases of this kind, devolved upon the *superintendents of the poor*, 1 R. S. 624, 625, § 8, 13, and who have ever since discharged those duties. The adoption of this new mode of conducting matters relating to the poor, depends upon the *determination* of the supervisors, and not upon the fact of the *evidence* of their determination being filed in the county clerk's office ; the statute as to the filing of the certificate is merely *directory*, and the omission to file it cannot have the effect to defeat the determination of the supervisors. If this be so, then the *overseers of the poor* had no authority to act in the matter. But if they had authority, *both* the overseers of the poor of the town should have united in the proceedings had against the plaintiff. The statute requires that there shall be *two overseers of the poor* elected in each town, and the power to act in cases of this kind is given *to the overseers*, that is, to *both*, and not to one of them. Where a power is given to *two* persons, as there can be no majority, both must concur in any proceedings had under the power conferred. Here it was shown

that the defendant acted *alone,* and that the other overseer did not unite in what he did.   Again : The defendant is not pro-tected by the warrant, as it issued upon insufficient evidence. The wife of the plaintiff was not a competent witness against her husband, and the defendant cannot shelter himself under the warrant, as he was *an actor* in the whole transaction, and thus fully aware of the illegality of the proceedings.   6 Cow-en, 234.   3 id. 206.   9 Johns. R. 75.

*D. B. Prosser,* for the defendant.   The plaintiff failed to prove that the distinction between *town* and *county* poor was abolished in Yates ; the question was submitted to the jury upon the evidence before them, and their verdict is conclu-sive.   Admitting that there were *two overseers* of the poor of the town of Potter, at the time when those proceedings were had, it was not necessary that both should be *actors.*   The act to be done was merely *ministerial,* and could as well be performed by one as both.   3 T. R. 38.   Id. 380.   The de-fendant is protected by the warrant of the magistrates who acted *judicially,* and if they erred in taking the testimony of the plaintiff's wife, their proceedings are not *void ;* they are *voidable* merely, and are a full protection to the defendant, although an actor in the transaction.   10 Johns. R. 167.   11 id. 150, 114.   17 id. 145.   2 Strange, 710.   5 Wendell, 170. 6 id. 597.   16 id. 514   As to the right to take the testimony of the plaintiff's wife, the counsel cited 18 Wendell, 637, 10 Vesey, 56.

*By the Court,* COWEN, J.   The jury found, under the charge of the judge, that the distinction between town and county poor had not been abolished in the county of Yates, and the only questions presented by this case are, 1. Whether the proceeding was void for want of action by two overseers ; and if not, then 2. Whether it was void because the plain-tiff's *wife* was the sole witness before the justices.

1. The statute requires each town to elect two overseers. 1 R. S. 332, § 4.   I therefore think, till the contrary be shown, we must intend there were two in the town of Pot-ter.   Besides, it is quite doubtful whether, if there be not

two, any act whatever can be done as overseer by the other. Should the town omit to choose the requisite number, they would not pursue the statute authority ; though if one should die or be disqualified, it would seem that the other might then act alone. 14 Vin. Abr. Joint and Several, (B), pl. 1. 45 Ass. pl. 3. Jenk. 40, case 76. Though otherwise of judicial officers. *Auditor Curle's case*, 11 Rep. 2 . Jenk. 40, case 76.

The statute under which the defendant proceeded, 1 R. S. 624, § 8 to 10, provides that when a father, &c. shall abscond, leaving his wife or children chargeable, to any town, or likely to become so, the *overseers* may apply to any two justices, who, upon *due proof*, may issue their warrant authorizing the *overseers* to seize his goods. By virtue of this warrant the *overseers* may seize the goods and be vested thereby with all the owner's right. The *overseers* shall make an inventory, and return it, together with their proceedings to the next general sessions, there to be filed ; and the court may confirm the warrant and seizure, or discharge the same. The statute in terms confers a joint authority ; and, containing no express provision that each of the overseers may proceed separately, it is objected that all is void here for want of jurisdiction, because it did not appear affirmatively that both of them actually joined in the complaint and subsequent proceedings. The rule seems to be well established, that in the exercise of a public as well as private authority, whether it be ministerial or judicial, *all* the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed. Where the authority is public, and the number is such as to admit of a majority, that will bind the minority, after all have duly met and conferred. *Green* v. *Miller*, 6 Johns. R. 39, 41. *Grindley* v. *Barker*, 1 Bos. & Pull. 236. 2 R. S. 458, § 27, 2d ed. 3 id. 780, note, § 44, referring to 6 Johns. R. 39. *Rex* v. *Beeston*, 3 T. R. 592, 594. It follows, that where there are only two, nothing can be done without the consent of both. And this has been held as a general rule where a county has two coroners or sheriffs. 6 Vin. Abr. Coroner,

Downing v. Rugar.

(H), pl. 14 Vin. *ut supra. Rex* v. *Warrington*, 1 Salk. 152. Yet, there are authorities which hold clearly, that to prevent a failure of justice, one may act alone without consulting the other; as if one be dead, or interested, or absent ,where it is necessary to make an immediate arrest. All this may be collected from Viner and Salkeld, before cited, to which may be added *Naylor* v. *Sharpless*, 2 Mod. 23 ; and see *Auditor Curle's case*, 11 Rep. 2. and *Rich* v. *Player*, 2 Show. 286. I should infer, from these authorities, that one overseer alone might at his pleasure make a seizure of the goods.

But admitting that it were necessary they should act jointly throughout, and that should one act without the assent of the other, all would be void, the warrant here *on its face* appears to be regular. It recites the application as being made by both ; and it being the duty of the acting overseer not to proceed without obtaining the other's consent, I think we are bound strongly to presume that such consent was obtained. It cannot be necessary that both should be corporally present. The duty is strictly ministerial, and one may act alone as the agent or deputy of both, with the other's consent. Ministerial officers may, in general, depute their powers to one another or to a third person. Tomlins' Law Dict., Deputy. Can there be a doubt, that overseers of the poor, in prosecuting under the excise law, or otherwise appearing as parties, may make an attorney ? So of various other municipal officers. This right has never been questioned, nor that they may delegate all their authority to one of their body to act as attorney. The delegation need not be in writing ; it is good, though merely oral. *Gaul* v. *Groat*, 1 Cowen, 113. *Tullock* v. *Cunningham*, id. 256. It is very common for such officers and others, acting as commissioners under various statutes, not only to delegate in particular instances, but to agree generally, that one of the board shall act in behalf of the whole in the execution of whatever measure they may resolve on. This is convenient, and it is many times impossible that ministerial duties should be executed without the employment of agents or deputies. The law allows it in respect to such

convenience, always holding the officers themselves account-able for the acts of their agents; of this, various instances are put in the *Earl of Shrewsbury's case*, 9 Rep. 48, 49. It being the duty of the overseers to act jointly, and they having power thus to act by one of their body in the mere execution of their resolves; and such too being the common course of business, which is convenient and many times absolutely necessary, a very strong intendment arises when one comes to act for all, that he has done his duty by conferring with his companions, and obtaining the requisite power.

There is also another principle on which the assent of the other overseer should be presumed. The case was a fit one for prosecution, and the suit beneficial to the town represented by the overseers. It has been often held, that any of the principles mentioned authorize a presumption that the party charged with a neglect of duty proceeded regularly. This presumption prevails till the contrary be clearly shown. One instance of presumption from official duty, is a constable being sued for making an arrest on execution without first searching for property. He shall be presumed to have made due search, and the plaintiff be put to prove the negative. *Barhydt* v. *Valk*, 12 Wendell, 145, 6. The cases are numerous under all the heads of presumption I have mentioned, and too familiar to need citation. It was said by Bayley and Littledale, justices, in *Bailey* v. *Culver-well*, 8 Barn. & Cress. 448, that where an act is for the benefit of the party, though it be done by another without any apparent authority, a subsequent assent is sufficient, and shall be presumed. Can there be a doubt of this? Suppose one of two overseers of the poor receives money due to the poor fund, who would hesitate to presume that the other would assent to the payment?

The presumptions of which I have spoken, especially those arising from official duty, are very strong; and that the duty was not performed must be shown by calling those whose relation to the transaction can put a direct negative upon it, unless their absence be accounted for. This was distinctly held in *Williams* v. *The East India Company*, 3

Downing v. Rugar.

East, 192, wherein it was sought to charge the company because their officer had neglected to give notice to the plaintiff's chief mate, that certain combustibles laden by the defendants on board the plaintiff's ship were of such a character as to endanger its safety. The court presumed that the defendant's officer had given notice; and the chief mate being dead, it was held essential to produce the officer himself who delivered the materials—for want of which the plaintiff was nonsuited. Proof by the captain and second mate that they had no notice, was held to be merely cir-cumstantial, and therefore insufficient.

In the case at bar, if the absent overseer had not given his consent and authority to proceed, he alone could say so; and I think it due to the defendant and the general safety of this kind of officers to presume they proceeded regularly, till the best sources of information are exhausted. The other overseer was a competent witness; and in his absence it was right at the circuit to regard the defendant as pro-perly acting for both. Had the other been dead or his ab-sence otherwise accounted for, the circumstances might have been sufficient to negative the proper authority till it was shown affirmatively. As the case stands, nothing was shown which is necessarily inconsistent with the assent of the other overseer. The proof establishes merely that he did not appear in the matter personally.

The process then must be taken to have been regularly sued out so far as authority was concerned. The seizure of the plaintiff's goods was consequently lawful, unless the proceeding be otherwise impeachable; and though the re-turn to the general sessions should regularly have been in the name of both overseers, the omission is but an infor-mality, which, after jurisdiction properly acquired, cannot be objected, in this collateral action. It was but a clerical er-ror, which might have been amended on motion so as to speak according to the legal effect of the seizure.

Next it is objected that the wife was an incompetent wit-ness; and that the warrant was taken out on her testimony alone, there was a want of jurisdiction. But according to *Van Steenbergh v. Kortz*, 10 Johns. R. 167, the admission

of improper proof is a mere error of the magistrate; and cannot be objected as rendering the proceeding void.

New trial denied.

