PERRY and FINEHOUT, overseers of the poor of the town of Saratoga Springs, *vs.* TYNEN.

In an action brought in a justice's court, to recover penalties for violations of the excise law, it is a sufficient indorsement of the summons if it states that such summons is issued " according to the provisions of title 9, part 1, chapter 20 of the statute of Excise and the regulation of taverns and groceries."

A justice of the peace has authority to allow a constable to amend his return to a summons. And the refusal of the defendant to appear, will not deprive the justice of this right.

The power of amendment does not depend upon the appearance of the defendant in the suit.

The provisions of the code, respecting amendments, are in addition to those in the revised statutes. They are not inconsistent with each other, and both remain in force.

Whether a service upon the defendant of a copy of the indorsement on the summons is necessary ? *Quære.*

After two overseers of the poor have united in commencing an action, and in the employment of counsel to appear in their joint behalf, to prosecute it, one of them alone, without the consent or concurrence of the other, has no power to discontinue the suit.

The act of withdrawing such suit involves the exercise of judgment and discretion—in other words, is a judicial act—and it cannot be done without the conjoint act of both the plaintiffs, determined upon while they are conferring together.

Where power is delegated for a mere *private* purpose, all the persons (if more than one) upon whom the authority is conferred must unite and concur in its exercise. In cases of the delegation of a *public* authority to three or more persons, the authority conferred may be exercised and performed by a majority of the whole number. If the act to be done by virtue of such public authority requires the exercise of discretion and judgment—i. e. if it is a judicial act—the persons to whom the authority is delegated must meet and confer together, and be present when the act is performed ; or at least a majority must meet, confer, and be present, after all have been notified to attend.

If there are only two to whom a public authority is delegated, it necessarily follows that nothing can be done without the consent of both.

THIS was an action, commenced before a justice of the peace, by the plaintiffs, against the defendant, for the recovery of several penalties for violations of the 15th section of the title of the revised statutes in relation to excise, &c. (1 *R. S.* 680, § 15, 1*st ed.; 17th sec. in 3d ed.*) The suit was commenced by summons. The justice indorsed on the summons, at the time it was issued, the following : " According to the provisions

of title 9, part 1, chapter 20 of the statute of Excise and the regulation of taverns and groceries. John T. Carr, justice of the peace." The constable returned the summons, with a return indorsed, " that the same was personally served on the said Dennis Tynen, on the 5th of January, 1855, and a copy left with the defendant." On the return day of the summons the plaintiffs appeared by W. M. Searing, who testified to his authority to appear for them; and the defendant appeared specially by L. B. Pike, to make objections to the jurisdiction of the court, and made the following, viz : 1. That no sufficient summons was served on the defendant; 2. That the indorsement required by the statute was not made on the copy summons left with the defendant; 3. That no sufficient indorsement was made on the summons ; 4. That the return was not sufficient to show the service of the summons; and 5. That the court had no jurisdiction of the person of the defendant. These objections were overruled by the court, and the defendant did not appear any further, in the cause. J. A. Shoudy then appeared for Finehout, one of the plaintiffs, and produced a writing, signed by Finehout alone, in which it was stated that, " It is stipulated that the plaintiffs do withdraw and discontinue the said suit. I do hereby authorize the justice to enter judgment of discontinuance." This was the only authority to appear for Finehout, produced by Shoudy. Shoudy moved that the cause be discontinued ; which motion was opposed by the counsel for the plaintiffs, who objected to the reception of the paper produced by Shoudy. The justice denied the motion of Shoudy, and proceeded with the suit. The plaintiffs then proved several violations of the 15th section of the said title in relation to excise, &c. After the defendant had declined further to appear in the cause, the counsel for the plaintiffs moved that the constable amend his return indorsed on the summons; which motion was granted. The constable then amended his return so that the same read as follows: " Personally served, Jan'y 5, 1855, and copy of summons and indorsement left with def't." The justice rendered a judgment in favor of the plaintiffs, for

$100 damages, and $3.39 costs; which was affirmed by the county court, and the defendant appealed to this court.

*W. A. Beach,* for the appellant.

*Searing & Putnam,* for the respondents.

*By the Court,* PAIGE, J. The indorsement on the summons was a compliance with the 7th section of the article of the revised statutes in relation to actions for penalties and forfeitures. (2 *R. S.* 481, 1*st ed.*) This section only requires that a general reference to the statute which gives the action shall be indorsed. The reference in this case was to the title; which is not subdivided into articles. This was sufficient. (17 *Wend.* 87. 1 *R. S.* 687.)

The justice had authority to allow the constable to amend his return. Justices have the same powers, in respect to amendments, as courts of record. (11 *Wend.* 214, 215. 1 *Barb. S. C. R.* 555, 556. 12 *Wend.* 150. 15 *id.* 557. 2 *R. S.* 225, § 1. *Id.* 424, § 1, *and* 425, § 10. *Code,* § 173.) The provisions of the code, as to amendments, are in addition to those in the revised statutes. (3 *How. Pr. R.* 305. *Voorhies' Code,* 4*th ed. p.* 261.) They are not inconsistent with each other, and both remain in force. The refusal of the defendant to appear, after his objections to the jurisdiction of the justice had been overruled, did not deprive the latter of his power afterwards to allow the amendment of the constable's return. The power of amendment does not depend upon the appearance of the defendant in the suit. The revised statutes expressly allow amendments to be made at any time before judgment. Under the code they may be made after, as well as before, judgment. (*Code,* § 173. 2 *R. S.* 429, § 1.) The amended return of the justice, I think, shows that the constable, when he served the summons, delivered a copy of the indorsement, with a copy of the summons, to the defendant. The return of the constable is not traversable. If it is false, the defendant has his remedy against him in an action for a false return. (14 *John.* 481.) It

is questionable whether a service upon the defendant of a copy of the indorsement on the summons was necessary. (2 *R. S.* 481, § 7.)

Neither of the objections interposed by the defendant to the jurisdiction of the justice can be sustained. A sufficient summons was served on the defendant; the summons was properly served; the indorsement thereon was a compliance with the statute which directed it; a copy of it was served on the defendant, in connection with a copy of the summons; and the court had jurisdiction of the person of the defendant.

The only remaining question to be considered is, whether, after both the plaintiffs had united in commencing the suit, and in the employment of counsel to appear in their joint behalf to prosecute it, one of them alone, without the consent or concurrence of the other, had power to discontinue the suit.

There is a distinction between a delegation of power for public, and for private purposes. Where the power is delegated for a mere private purpose, all the persons (if more than one) upon whom the authority is conferred must unite and concur in the exercise. In cases of the delegation of a public authority to three or more persons, the authority conferred may be exercised and performed by a majority of the whole number. If the act to be done by virtue of such public authority requires the exercise of discretion and judgment—in other words, if it is a judicial act—the persons to whom the authority is delegated must meet and confer together, and be present when the act is performed; or at least a majority must meet, confer, and be present, after all have been notified to attend. Where the act to be done is merely ministerial, a majority must concur and unite in the performance of the act, but they may act separately. (3 *Durn. & E.* 38, 40, 380. 3 *Comst.* 407. 6 *John.* 39, 40. 1 *Bos. & Pul.* 236. 9 *Wend.* 191. 21 *id.* 217. 7 *Cowen,* 529, 530. 2 *R. S.* 555, § 27.) The provision in the revised statutes declaring, generally, that the act may be performed by a majority, upon a meeting of all the persons or officers to whom the authority is confided, (2 *R. S.* 555, § 27,) does not abrogate the common law rule allowing public officers to

Perry v. Tynen.

act separately in performing a ministerial act. The statutory provision is permissive in its character, and is merely an affirmance of the validity of the acts of the majority. If there are only two to whom a public authority is delegated, it necessarily follows that nothing can be done without the consent of both. (21 *Wend.* 182.) Where, however, one of two public officers assumes to do an .act, exclusively ministerial, in the name of both, the consent of the other may in general be implied, under the presumption of law that the officer has done his duty by conferring with his associate and obtaining from him the requisite authority to do the act. (21 *Wend.* 183, 184. 3 *Hill,* 603. 3 *Comst.* 407.) In this case there can be no presumption that Perry, the associate of Finehout, consented to the discontinuance of the suit; as Finehout, in attempting to withdraw the suit, acted independently of Perry and entirely in his own name. The independent act of Finehout, in his own name, repels all idea of the concurrence of Perry in the discontinuance of the suit. One of the reasons assigned by Judge Cowen in *Downing* v. *Rugar,* (21 *Wend.* 184,) for presuming the consent of an overseer of the poor to the prosecution instituted by his associate, viz. that it was beneficial to the town, &c. does not apply to the present case ; as here it is not apparent that the withdrawal of the suit in question would have been beneficial to the town represented by the plaintiffs. I am inclined to the opinion that the act of withdrawing the suit involved the exercise of judgment and discretion. It clearly called for the deliberation of the two overseers, and for their determination of the question whether the discontinuance of the suit would affect injuriously or beneficially the public morals, and the interests of the town they represented. If I am right in this opinion, then the withdrawal of the suit was a judicial act, and it could not be done without the conjoint act of both the plaintiffs, determined upon while they were conferring together. If the sale of mortgaged premises by commissioners under the United States Deposit Fund Act is a judicial act, as was held in *Powell* v. *Tuttle,* (3 *Comst.* 396,) the withdrawal of the suit in question certainly ought to be so considered.

. In this case the commencement of the suit, and the employment of counsel to prosecute it, was the united act of both plaintiffs. This concurrence, and joint agency of theirs in commencing the suit, rebuts the presumption of the consent of Perry to its withdrawal by means of the independent act of Finehout in his own name. The cases of *The People* v. *The Commissioners of the Canal Fund,* (3 *Hill,* 599,) and of *Downing* v. *Rugar,* (21 *Wend.* 183,) are unlike the present case. In the former case the appeal by one canal commissioner was brought in the joint names of all the commissioners; and the board of canal commissioners had assigned to the acting commissioner who brought the appeal the special charge of the line on which the damages were appraised. Under these circumstances, the court decreed that a delegation of power to the acting canal commissioner to bring an appeal might be presumed; and held that the bringing an appeal was not such a judicial act as precluded a delegation of such power. (3 *Hill,* 603.) In *Downing* v. *Rugar,* the application of one overseer of the poor for the warrant was in the joint names of both overseers, and the act itself was held to be strictly ministerial; and the court, under these circumstances, presumed that the consent of the other overseer had been obtained; and that he had delegated his authority to his associate to apply for the warrant.

My conclusion is, that the justice decided correctly in denying the motion of Shoudy for the discontinuance of the suit. The judgment of the county court must be affirmed.

[CLINTON GENERAL TERM, May 6, 1856. *C. L. Allen, James, Rosekrans* and *Paige,* Justices.]