## SARATOGA COUNTY COURT.

The Board of Commissioners of Excise of Saratoga County, Respondents agt. James Doherty, Appellant.

Section 13 of the act entitled, "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857, reads as follows: "Whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit the sum of fifty dollars for each offence."

By section one of this act, it is provided that the commissioners of excise, "shall be known as the board of commissioners of excise," &c. And section 22 of the act provides that "the penalties imposed by this act, except the penalties provided for by sections eight, fifteen and nineteen, shall be sued for and recovered in the name of the board of commissioners of excise."

Therefore an action brought to recover the forfeiture contained in section 13 is properly brought in the name of *The Board of Commissioners of Excise.*

Where the summons in such action was returned by the constable indorsed in this way: "Personally served on this 4th day of September, 1857, B. Goeway constable," *held sufficient.* It was not necessary to serve a copy of the summons unless it was demanded. And it must be presumed that the service was made in the proper county, for it was the duty of the constable to do so.

Where the summons was indorsed by the justice who issued it as follows: "This summons is issued according to the provisions of section 13 of an act entitled an act to suppress intemperance, and to regulate the sale of intoxicating liquors, passed April 16, 1857, L. G. Hoffman, Justice of the Peace;" *held,* that such indorsement was sufficient. If it is necessary to serve this indorsement (which is questionable) there is nothing requiring the constable to return that he has served it, unless the return "personally served" written on the summons, is presumed to refer to both the summons and indorsement.

Where an affidavit is made for the purpose of removing a cause from before the justice, on the ground that he is a material witness for the party; it must show that the justice is a *necessary,* as well as a material witness. And the justice has a right to judge of its sufficiency.

A just construction of this act as a whole, requires that the commissioners shall meet, or that a majority of them, after all have been notified, shall meet, and decide to bring the actions that are directed to be brought in the name of the board, except in a single instance; and that is, where complaint has been made to them that some provision of the law has been violated, accompanied with reasonable proof of the same, and they shall neglect ten days after such complaint and proof, to prosecute, "any other person" may prosecute.

*It seems*, that the commissioners are entitled to pay for such services.

*December Term*, 1857.

ON the 10th day of September, 1857, L. G. Hoffman, Esq., Justice of the Peace of the town of Waterford, rendered a judgment in favor of the plaintiff and against the defendant, for $50 damages, and $1.63 costs. The defendant appeals.

S. H. FOSTER *and* J. I. HOUSE, *for the appellant.*
I. C. ORMSBY, *for the respondent.*

McKEAN, County Judge. This action was brought under section 13 of the act entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857, which reads thus: "Whoever shall sell any strong or spirituous liquors or wines, in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit the sum of fifty dollars for each offence."

It is objected by the defendant's counsel, that the action should have been brought in the name of the *individuals* who compose the board of commissioners of excise, and not in the name of the board. By section one of this act, it is provided that the commissioners of excise "shall be known as the *board* of commissioners of excise," &c. Section 22 provides that the "penalties imposed by this act, except the penalties provided for by sections eight, fifteen and nineteen, shall be sued for, and recovered in *the name of the board* of commissioners of excise."

This action is therefore properly brought in that name. The fact that section 22 speaks of penalties, and section 13

48          NEW-YORK PRACTICE REPORTS.

The Board of Commissioners of Excise of Saratoga County agt. Doherty

provides a forfeiture, can make no difference. The two words are used interchangeably in the act. Section 22 speaks of the " penalties provided for by sections eight, fifteen and nineteen," and yet two of those sections provide for forfeitures.

The summons was returned to the magistrate with this return upon it 'in writing: " Personally served on this 4th day of September, 1857. B. Goeway, constable.", This was sufficient. It states the time—"4th day of September," and the manner—"personally." (2 *R. S. 4th ed.* 430, § 14; *Cow.* 418; 17 *Wend.* 517.) It was not necessary to serve a copy of the summons unless it was demanded. (*See R. S. cited above,* § 13.) It was not necessary for the constable to return that he served the summons in the county of Saratoga. But it must be presumed that he did serve it in this county, for it was his duty to do so.

The summons when issued was indorsed thus: " This summons is issued according to the provisions of section 13, of an act entitled ' An act to suppress intemperance, and to regulate the sale of intoxicating liquors, passed April 16, 1857,' L. G. Hoffman, Justice of the Peace." This indorsement was amply sufficient. (2 *R. S. 4th ed.* 723, § 7; 22 *Barb.* 137.) It is objected by the defendant's counsel that there is no proof that this indorsement was served on the defendant. If any such proof were necessary, it must, of course, come from the constable. But in the case of *Perry and Finehout* agt. *Tynen,* this court held that if it were necessary to serve the indorsement (which was questionable,) still there was nothing requiring the constable to return that he had served it, unless the return " personally served," written on the summons, referred to both the summons and indorsement; but that if such return referred to the summons only, then it must be *presumed* that the constable had done his duty with regard to the indorsement, unless he voluntarily returned what he had done with it. The judgment of this court was affirmed by the supreme court. (*See* 22 *Barb.* 137.)

The defendent's affidavit made with a view to removing the action from before the justice, on the ground that he was a

material witness for the defendant, was not sufficient. It did not show the justice was a *necessary*, as well as a *material* witness. Besides, the justice " clearly had the right to judge of its sufficiency." He decided that it was insufficient. It did not clearly and indubitably show that the justice was an indispensable witness for the defendant. (*Young* agt. *Scott*, 3 *Hill*, 32; *Murtha* agt. *Walter*, 2 *Sandford*, 517.)

The " act to suppress intemperance," &c., is, in many of its provisions obscure and ambiguous. But I am satisfied that a just construction of it, in the light of established rules and principles, requires that the commissioners shall meet, or that a majority of them, after all have been notified, shall meet and decide to bring the actions that are directed to be brought in the name of the board, except in a single instance—which I shall mention hereafter.

But it need not be shown affirmatively that the commissioners, or a majority of them, have so met and conferred; it will be presumed that they have done so, unless the *defendant* shows most clearly and satisfactorily that they have not. (21 *Wend.* 178; 22 *Barb.* 137.)

Mr. Ormsby, on being examined by the defendant's counsel, said " he was not aware that the board had formally met on the subject." It was not necessary that he should be aware of it, or should know anything about it, whether parol proof was proper or not. Mr. Ormsby, without objection being made, stated that Stewart and Safford were two of the commissioners. Mr. Stewart testified that he met Mr. Safford " and conferred with him as to this prosecution." They concurred, and both of them afterwards directed Mr. Ormsby to prosecute the defendant.

There is no evidence that Mr. Lewis, the other commissioner, was not notified to meet with them, and it must be presumed that he was so notified.

In *ministerial* acts, the commissioners may act separately, after they or a majority of them, have met and concurred in the act. (22 *Barb.* 140, *and cases there cited.*) Therefore, any

one of them may appear in court to conduct a prosecution, and may employ counsel to assist him or to act for him.

There is a case in which "any other person," may prosecute without a meeting of the commissioners, and that is, where complaint has been made to them, that some provision of the act has been violated, accompanied with reasonable proof of the same, and they shall neglect ten days after such complaint and proof to prosecute. (*See act*, § 30.)

It is suggested that probably the legislature did not intend that the commissioners should meet to confer in regard to prosecutions, because it made no provision for paying them for such services. But it is not uncommon that duties are imposed on public officers without any compensation. Nor is it clear that the commissioners are not entitled to pay for such services. Section 5 of the act contemplates other duties for the *board* than the granting of licenses, and fixes the compensation of each commissioner at three dollars a day *for services actually performed*. The commissioners can remain in session, *for the purpose of granting licenses*, at the place where the county courts are required to be held, only ten days. But they may meet on other days, at other places, and to discharge other duties, and I see nothing in the act depriving them of compensation therefor. However, this question is not now necessarily before me.

If the defendant had appeared before the justice and admitted the complaint, that would have authorized the justice to enter judgment in favor of the plaintiff. But the defendant appeared and demurred to the complaint. That, in law, was an admission of the facts stated in the complaint, but a denial of their sufficiency to constitute a cause of action. The cause was then submitted to the justice on those two pleadings. He very properly overruled the demurrer, and the facts being admitted, and the cause submitted, he rendered judgment for the plaintiff.

Judgment affirmed with costs.