THE PEOPLE, on the relation of Frederick W. Loew, and the said F. W. LOEW, *vs.* ISAAC B. BATCHELOR.

THE PEOPLE, on the relation of E. C. McConnell, and the said E. C. McCONNELL *vs.* EDWARD S. McPHERSON.

Where a power is to be exercised by several persons, a majority of the whole number may proceed to act, and their action will be legal, provided all the members composing the body are summoned to attend, or have notice of the time and place of meeting.

The right to have such notice is one which the majority cannot take away from the minority. All comprising the body are entitled to reasonable notice of the time and place of the meeting; and if all are summoned, or have notice, a majority attending may proceed to act, and the majority of that quorum will bind the whole body.

Where a statute conferred the appointment of clerks of the district courts in the city of New York upon the mayor and the members of the board of aldermen, or a majority thereof, and directed the meeting for that purpose to be in convention, and prescribed the mode in which such convention should be called together, and declared that it should not be lawful for the aldermen to proceed to make appointments in the absence of the mayor, unless after a notice to him of eight days, of the time and place of meeting; *Held* that this was a clear legislative declaration that notice should be given to all who legally composed the convention, before those who did attend should be authorized to proceed, in their absence, to act; and that in a case where five members of the body were not summoned to attend the meeting, and had no notice thereof, such omission was fatal to the legality of the meeting, and vitiated appointments made by those who did attend, although the members present constituted a majority of the whole number. INGRAHAM, J. dissented.

THE above suits were instituted to test the right of the defendants to the offices of clerks of the district courts of the city of New York, now held by them, respectively. The complaint in the first cause alleges that Frederick W. Loew was, on the 18th of December, 1857, duly appointed to, and is entitled to, the office now held by the defendant Batchelor; and in the second suit, that at the same time Edward C. McConnell was duly appointed to, and is entitled to the office now held by the defendant McPherson.

The facts found by the special verdict are, that the defendants were duly appointed such clerks, by the mayor and board

of aldermen, in the month of December, 1851, and took the oath of office and entered upon the discharge of the duties thereof on the first day of January, 1852. The term of office of the defendants, respectively, was for the period of four years and until their successors were duly appointed and qualified. (1 *R. S.* 117, § 9. *Laws of* 1851, *p.* 271.) The plaintiffs in the first suit, claimed that Loew, and in the second, that McConnell, were duly appointed such clerks, at a convention of the mayor and board of aldermen, held on the 18th of December, 1857, in pursuance of the provisions of the act of April 10, 1855. (*Laws of* 1855, *p.* 502.) On the 14th of December, 1857, a resolution had passed the board of aldermen, calling said convention for the 21st day of that month. That the resolution of the 18th, rescinding the resolution of the 14th, and calling another convention on the 18th, designated the hour of meeting at half past six o'clock that afternoon, and that the same was passed at five minutes before half past six o'clock. That there were present and voting, on said last mentioned resolution, seventeen aldermen, the board then consisting of twenty-two aldermen; and the special verdict finds as a fact, that none of the aldermen had notice of the convention of the 18th of December, at which the plaintiffs Loew and McConnell were appointed, except the seventeen who were present when the resolution calling the convention on that day, was passed. That the mayor met in convention, on said 18th of December, with twelve of the aldermen, who had voted for the resolution calling the convention for that day, and it is claimed, duly appointed the plaintiffs Loew and McConnell, clerks of the district courts.

*Jas. T. Brady,* for the plaintiffs.

*D. D. Field,* for the defendants.

DAVIES, P. J. The only question which it is deemed necessary to consider is, whether the plaintiffs Loew and McConnell

were duly and legally appointed by the convention held on the 18th of December, 1857. They were undeniably so appointed, if all the aldermen were duly notified of that convention, although some of them failed to attend; or if it was not necessary to its legality that all the aldermen should have had notice of the meeting. It should be borne in mind, we think, in considering the question presented, that the privilege of attending was not that of the aldermen, but of the constituency they represented. It was their right that their voice should be heard in the appointments to be made; and such right cannot be taken away unless all provisions of law have been complied with. The meeting was to be convened by the board of aldermen, or by a majority of the board of aldermen, and it was to be composed of the mayor and the board of aldermen or of a majority thereof. If the mayor should refuse to attend after notice of eight days to him, then it is made lawful for the board of aldermen, or a majority thereof, to proceed and make the appointments. (*Sec.* 1 *of the act of April* 10, 1855.) It was therefore competent for a majority of the board of aldermen to make the call for the meeting. But the statute proceeds to say that at the meeting there shall be present with the mayor, the board of aldermen, or a majority of the board. This provision was evidently intended to remove all doubts whether or not all of the aldermen should be present to constitute a legal meeting. It declared that a majority of the board were competent to act.

It was held by Eyre, Ch. J., in *Grindley* v. *Barker*, (1 *Bos. & Pul.* 236,) and adopted in our state in *Green* v. *Miller*, in 1810, (6 *John.* 39,) that where a number of persons are intrusted with a power, not of mere private confidence, but in some respects of a general nature, and *all* of them are regularly assembled, the majority will conclude the minority, and their act will be the act of the whole. So it was held in this court in the case of *The People* v. *Walker*, (23 *Barb.* 304,) 1st. That when a private authority is conferred on several, all must concur, unless provision be otherwise made.

The People *v.* Batchelor.

2d That where a public authority is conferred on individuals (not on a court) who are to act judicially, all must confer together, but a majority may decide. 3d. That in public cases not of a judicial character, a majority make a quorum, if a majority may decide. These positions are well sustained by the learned justice, who delivered the opinion in that case, as well by reason as by numerous authorities. In that case, a statute required that a commissioner of juries, for the city and county of New York, should be appointed by the supervisors, the judges of the superior court, and the judges of the court of common pleas, without saying what should constitute a quorum, or whether a majority either of the whole body, or of the component parts, should be sufficient to appoint; it was held that *after due notice to all the persons* mentioned, a majority of the whole number constituted a quorum, and were competent to decide any matter on which the whole body had authority to act.

In the case referred to (*supra*) it was also decided that two days' notice, where no length of notice is prescribed by the statute, for all persons residing in the city, would be deemed sufficient notice.

In the statute prescribing the manner of appointment of these clerks, it is declared that it shall not be lawful for the aldermen to proceed to make the appointments in the absence of the mayor, unless, after a notice to him of eight days, of the time and place of meeting. It seems to us that this is a clear legislative declaration, that notice was to be given to all who legally composed the convention, before those who did attend were authorized to proceed, in their absence, to act.

In the case of *The People* v. *Whiteside,* (23 *Wend.* 9; *S. C.* 26 *id.* 634,) a notice of a joint meeting of the supervisors and judges of the county of Chautauque, for the purpose of making appointments, given and served on the judges, between the hours of two and four o'clock, for a meeting the same day, at five o'clock, was held sufficient; all the judges being in the same village where the meeting was to be held.

In this case notice of the meeting was *given to all the judges,* and it seems to have been assumed that notice to all was necessary to constitute a legal meeting.

In the case of *Grindley* v. *Barker,* (*cited supra,*) Eyre Ch. J., says: "The cases of corporations go further; there it is not necessary that the whole number should meet; it is enough if notice be given, and a majority or a lesser number, according as the charter may be, may meet, and when they have met they become just as competent to decide as if the whole had met."

To the same effect is the case of the *Attorney General* v. *Davy,* (2 *Atk.* 212.) There, by charter, three of twelve persons named were authorized to choose a chaplain, and upon a vacancy, two of the three chose the chaplain. Lord Hardwicke said it cannot be disputed that whenever a certain number are incorporated, a major part of them may do any corporate act. *So if all are summoned* and a part appear, a major part of those that appear may do a corporate act, though nothing be mentioned in the charter, of the major part; and he was of the opinion that the three were a corporation for the purpose for which they were appointed, and that the major part of them might do any corporate act, and thus make the appointment. "At common law, independent of any specific constitution, when the power of acting is intrusted to any specific number of persons, whether definite or indefinite, any number of the whole body is sufficient to form a legal assembly, *if all be properly summoned to attend."* (1 *Kyd on Corp. p.* 401.)

The principle deducible from all the cases, we think, is, that where a power is to be exercised, like the present, a majority of the whole number may proceed to act, and their action is legal, provided all the members composing the body are summoned to attend, or have notice of the time and place of meeting. That the right to have such notice is one which the majority cannot take away from the minority; that all comprising the body are entitled to reasonable notice of the

The People *v.* Batchelor.

time and place of the meeting, and if all are summoned or have notice, a majority attending may proceed to act, and the majority of that quorum will bind the whole body.

In the present case, five members of the body were not summoned to attend the meeting, and had no notice thereof. We think this omission is fatal to the legality of the meeting, and consequently the plaintiffs Loew and McConnell were not duly and legally appointed clerks of the district courts, and that there must be judgment for the defendants, with costs, in each case.

CLERKE, J., concurred.

INGRAHAM, J., (dissenting.) I do not concur in the opinion of my brethren that a notice to all the members of the board of aldermen, other than that contained in the resolution, was necessary to make a valid appointment by the mayor and board of aldermen. The statute under which the appointments were formerly made, (*Laws of* 1851, *ch.* 147,) conferred the appointment on the mayor and board of aldermen, or a majority thereof, without designating whether it was to be by joint meeting or by separate action, and without any provision for calling any meeting for the purpose. This act was amended by the statute of 1855, ch. 293, which conferred the appointment on the mayor and the members of the board of aldermen, or a majority thereof. This statute directs the meeting to be in convention, and prescribes the mode in which such convention is to be called together, viz: by a direction of the board of aldermen. The statute also provides for a notice from the board of aldermen to the mayor, to procure his attendance, but for none from the board of aldermen to its own members. I do not think any such notice was necessary. The board of aldermen had the authority, by resolution, to direct the meeting to be held. Every member of that board was bound to take notice of the acts and resolutions of its own body. Every member ought to be present at the meeting of the board, and if present would know of the proceedings.

of the board. In the absence of any regulation by law to tae contrary, no further notice of the meeting of the board of aldermen, to its own members, than the resolution as passed by that body, was necessary. The mayor had notice and attended. He was the only person under the statute, entitled to notice, and as he made no objection, the want of notice to the members of the board, is, in my judgment, no objection to the validity of the convention.

The legislature of the state often meet together in convention to make appointments, such as of senator, regents of the university, &c. This is done by a resolution fixing the time of the meeting. It would be no objection to the action of that convention, if members, either of the senate or assembly, who were not present, should say they had no notice of the joint meeting and were not in the body to which they belonged, when the resolution was passed. It was their duty to be present, and they must take notice of the action of their own body, at their peril. If they are absent, whether from want of notice or inability to be present, the convention is duly organized so long as a majority of·the body is together.

Suppose the power of appointment had been vested in the board of aldermen alone; no other than the ordinary notice of the meeting of the board would be necessary to make the appointment valid; and where the meeting was held and some of the members were absent, a majority of the board would be competent to act. If the board of aldermen was legally in session when the resolution was passed, (and of this I do not understand that there is any doubt,) then a resolution passed by that board was notice to all, and all the members were equally bound by it, whether present or absent. The case of *Whiteside* v. *The People,* (26 *Wend.* 634,) shows that a majority may meet to make an appointment, and that a refusal by one body to proceed with the appointment, because they had no notice of meeting for such a purpose, did not invalidate an appointment made by the remainder. It has been held that a notice of a meeting is sufficient notice, and

The People *v.* Batchelor.

extends to adjourned meetings, without further notice. (*Scadding* v. *Lorant*, 5 *Eng. L. and Eq. Rep. p.* 16.) So in this case, notice of the meeting of the board of aldermen was sufficient to require the members of that board to take notice of a resolution then passed, calling a meeting at another time. All the authorities cited in this case relate to cases where notice was to be given to a body different from that giving the notice. I have been able to find none where such an objection has been taken in reference to the members of the body giving the notice of meeting.

I have only discussed the question as to the necessity of any other notice on the part of the board of aldermen, to its own members, than the mere passage of the resolution fixing the time of the meeting. If no such notice is necessary, the board would have authority to pass a resolution calling such a meeting or convention, immediately on the close of business, at any meeting of the board. If the attendance of the mayor be secured, such convention would be fully organized, whether all the members were present or not. I do not mean to be understood that the course of proceeding of the board of aldermen in repealing the resolution previously passed, and adopting another calling a meeting sooner and on a very short notice, was to be approved, but that merely as a question of law as to the power of the board to call the convention together, the resolution was sufficient and no other notice was necessary, except to the mayor, to secure his attendance.

There may be other questions of difficulty in regard to these appointments, but as my brethren have placed their decision solely on this point, in which I do not concur, I have not thought it necessary to examine them, at the present time.

Judgments appealed from affirmed, with costs.

[NEW YORK GENERAL TERM, October 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]