## MONTGOMERY COUNTY COURT.

GEORGE SNYDER and JOHN CRANKER, respondents, agt. DANIEL SCHRAM, appellant.

*Justices' courts — Constable's return — Power of justices of the peace as to amendments — Irregularities which will not affect a judgment — Officer de facto — his acts sustained.*

Where, on appeal from a justice's judgment, it is alleged as error that the constable who served the summons was not a legal officer and that his return of the service is false, it is shown by affidavits that the person serving the summons has long been acting and recognized by the public as a constable and claims to be a legal officer and authorized to act as such:

*Held,* that, being a *de facto* constable his official acts, so far as the public and third persons are concerned, are just as valid and effectual as though he was an officer *de jure,* and his title and acts can only be questioned in a direct proceeding with him in which they were in issue.

Snyder agt. Schram.

Where a justice's return on appeal shows that all the jurisdictional steps were taken necessary to a valid judgment before him; that he issued a summons which was served on the defendant by a constable personally, enough is stated to raise the presumption of the regularity as to the form of the summons and its due service. If any error occurred, it is the duty of the appellant to make it clearly appear to the court on appeal, as no presumption can be indulged in against the judgment.

Where the justice in his return certified that he issued and delivered the summons to the constable for service on the twenty-third, and on the same day it was duly returned to him by the constable with a return of personal service, the constable in his return certifying that he served the summons on the 3d day of January, 1880. From affidavits read it appeared that the summons was duly served and returned on January twenty-third. The date of service in the constable's return is not correct, and was inserted by him by mistake in neglecting to add the figure 2 just before the figure 3:

*Held,* that this is not fatal to the judgment.

*Held,* also, that ample power exists for amending the constable's return and correcting the irregularity therein. The justice had the authority to allow the amendment before or after judgment, and the amendment may be allowed now in furtherance of justice.

*July* 31, 1880.

*J. D. & F. F. Wendell,* for respondents.

*R. J. Sanson,* for appellant.

Z. S. WESTBROOK, *County Judge.* — This case comes up on an appeal taken by the defendant from a judgment recovered against him before A. D. Canning, Esq., a justice of the peace of the town of Minden, on January 30, 1880. It is alleged, as error, that the constable who served the summons was not a legal officer, and that his return of the service is false. These are assigned as errors of fact. The summons was dated and issued on January 23, 1880, and was made returnable on January thirtieth, at 9 o'clock A. M., and was in due form.

The justice in his return certifies that he issued and delivered the summons to the constable for service on the twenty-third, and on the same day it was duly returned to him by Henry

Husen, a constable of Montgomery county, with a return of personal service. The following is the return of service indorsed on the summons:

"MONTGOMERY COUNTY, *ss. :*

I hereby certify that on the 3d day of January, 1880, I served the within summons on the within named defendant, Daniel Schram, by delivering to and leaving with him personally a true copy thereof.

HENRY HUSEN,<br>
*Constable.*"

As to the objection that the officer who served the summons was not a legal constable, I don't think I can properly determine that question in this case. The justice in his return certifies that he is a constable, and the officer in his return of service also affirms it. The affidavits read by appellant raise some doubt as to his being a legal constable. But the affidavits read by the respondents' counsel show that he has long been acting and recognized by the public as a constable, and claims to be a legal officer and authorized to act as such. He was, therefore, a *de facto* officer, which is sufficient for all purposes in this case, and his return is conclusive. Being a *de facto* constable his official acts, so far as the public and third persons are concerned, are just as valid and effectual as though he was an officer *de jure*, and his title and acts could only be questioned in a direct proceeding with him in which they were in issue.

In the case of *Read* agt. *The City of Buffalo* (3 *Keyes*, 447), a justice of the peace heard and rendered judgment in the case after his term expired, claiming the right to continue to act. On an appeal in that case the judgment of the justice was sustained. Judge PORTER in delivering the opinion of the court of appeals (*page* 448), says : " It is unnecessary to determine the question whether the magistrate was right in retaining his place until the qualification of his successor. It is sufficient that he was an officer *de facto* discharging the

duties of his position under color of legal title. His judicial acts, so far as they affected only the rights of third persons, were not subject to collateral impeachment on the ground that he was no longer a magistrate *de jure*."

In *Fowler* agt. *Bebee* (9 *Mass.*, 231) it was held that the defendant could not show that the person who served the writ on him was not a sheriff *de jure*.

The rule sustaining the official acts of officers *de facto* is founded on considerations of public policy, and its maintenance is essential to the preservation of order, the security of private rights and the due enforcement of the laws (*Parker* agt. *Barker*, 8 *Paige*, 428; *Weeks* agt. *Ellis*, 2 *Barb.*, 320; *Greenleaf* agt. *Low*, 4 *Denio*, 170; *Wilcox* agt. *Smith*, 5 *Wend.*, 233).

The next and more serious question is as to the irregularity in the constable's return of the service of the summons.

From the affidavits read it appears that the summons was duly served and returned on January twenty-third. The date of service in the constable's return is not correct, and was inserted by him by mistake in neglecting to add the figure 2 just before the figure 3. The appellant's counsel urges that this is fatal to the judgment.

It is true that the justice could only acquire jurisdiction of the person of the defendant by a proper return of the service (2 *vol. Wait's Law and Prac.*, 72).

The summons (a long one) must be served at least six days before the time of appearance mentioned therein (2 *R. S.* [*Edm. ed.*], 243, *sec.* 15).

"The constable serving a summons shall return thereupon in writing the time and manner in which he executed the same and sign his name thereto" (*Ibid, sec.* 16).

The constable's return must show the time and manner of service.

If it does not show any time when the summons was served the justice obtains no jurisdiction to proceed (*Wheeler* agt. *Lampman*, 14 *Johns.*, 481); and the constable's return must

show that the summons was served six days before it is return-able. The time of service stated in the return is material to show that the summons was served six days before it is return-able (*Legg* agt. *Stillman,* 2 *Cow.,* 418; *Bromley* agt. *Smith,* 2 *Hill,* 517).

Justices are required to keep a book in which they shall enter the time when they issue a process against a defendant, and the title and other proceedings in each cause before them (2 *R. S.* [*Edm. ed.*], 277, *sects.* 243, 244); and their dockets are evidence before them of the proceedings had in any cause (*Ibid, sec.* 245).

Where a justice's return on appeal shows that all the juris-dictional steps were taken necessary to a valid judgment before him, that he issued a summons which was served on the defendant by a constable personally, enough is stated to raise the presumption of the regularity as to the form of the sum-mons and its due service. If any error occurred it is the duty of the appellant to make it clearly appear to the court on appeal, as no presumption can be indulged in against the judg-ment (*Potter* agt. *Whittaker,* 27 *How.,* 10, 13).

It is for the appellant to show that error has been commit-ted to his prejudice. Appellate courts in reviewing cases heard and decided by justices of the peace uniformly regard them with great liberality and seek to sustain them by every reasonable and warrantable intendment (*Schoonmaker* agt. *Spencer,* 54 *N. Y.,* 366).

The constable's return of service does not show that the summons was not served six days before it was returnable. I think it fairly shows, especially in connection with the justice's own docket before him, that it was duly served six days before it was returnable. No presumption will be indulged against it. I cannot see how the defendant has been prejudiced by the constable's return.

I am of the opinion, also, that ample power exists for amending the constable's return and correcting the irregu-larity therein. The justice had the authority to allow the

amendment before or after judgment; and the amendment may be allowed now in furtherance of justice (2 *R. S.*, 442 [*Edm. ed.*], secs. 1, 4, 5, 7, 8; *Code of Civil Proc.*, sec. 723; *Perry* agt. *Tynen*, 22 *Barb.*, 137).

Justices of the peace have the same powers as to amendments as courts of record (*Perry* agt. *Tynen, supra*, 139, *and cases therein cited; Talcott* agt. *Rozenberg*, 3 *Daly*, 208).

I have remitted the return in the case (though I don't regard it necessary) to the justice before whom the cause was tried to allow the constable to correct the informality in his return of service, and he has done so.

It is very doubtful if the notice of appeal is sufficient to raise any question, except as to whether the constable who served the summons was a legal officer. But with my views, as expressed, it is not important to pass upon the sufficiency of the notice.

The defendant has no merits. He deliberately absented himself on the return day of the summons.

The judgment is fully sustained by the evidence and undoubtedly is just.

If the defendant had any defense and any good excuse for his default he might have been relieved and permitted to come in and defend on a proper application.

I think the judgment should be affirmed.

Judgment accordingly affirmed, with costs.