Douglass, J.
This action is brought to enjoin the collection of taxes on six separate pieces of property belonging to Mary A. Britt. 'The additions were made by the Board of Supervisors of ¡the city of Cincinnati, acting as the City Annual Board of Equalization. The first action of the Board in this regard was in 1892, and, because no notice was served on the owner of the property,the action of the Board was held to be invalid by the circuit court in 1895, 11 O. O. Rep., 115, and in Jun.e, 1897, the supreme court affirmed this judgment. The additions made in 1892 were held void.
In the meantime, in May, 1896, the Board first giving •notice to Mary A. Britt, sought again to act and to make ■¡these additions while the case involving their former action was pending in the supreme court.- Their action was upon the following limitation:—
“And it is hereby declared the intention of this Board, should the supreme court of Ohio decide in favor of the county in the case now pending, wherein the county auditor and county treasurer were enjoined from collecting taxes on certain additions to the taxable valuation of these specific properties in 1892, and upon which no taxes have been paid for the years 1892, 1898, 1894 and 1895, then the amounts hereby ordered, to be added in 1896, are not in addition thereto.”
The claim of Mary A. Britt is — (1.) That the full Board did not act; (2.) That the action taken was conditional and *345 not absolute, by reason of this limitation that was made upon the Board by itself; (3.) That the Board acted on its own motion solely, and not upon complaint.
As to this last proposition, a complaint or suggestion to the Board is not a condition precedent to action by it. It may act on complaint. It is charged with a public duty which can only be performed when it acts either on complaint or from knowledge on its own motion. This point is not well taken.
The second is that the action of the Board was conditional, and depended upon the final issue of the case pending in the supreme court. Such action is irregular, but it ears not be prejudicial to Mary A. Britt, and we are of the opinion that for this reason, we cannot hold the action of the Board to be void.
As to the third,it is insisted, and it is ably argued, that,, when final action was taken making these additions, one member of the Board was absent, and this the record showsi to be true. The argument is that the act of a taxing officer is judicial in character as distinguished from purely administrative functions, and that the taxpayer is entitled to the joint judgment of the full Board. Many authorities were cited, and notably the case of Hamilton v. The State,. 3 Indiana, 452, to sustain this view, and it is an authority in support of the plaintiff’s claim. However, a distinction must be taken as to the rule to be applied between a committee, board or officer, appointed to perform a single act,, or even a series of acts, and a permanent board such as; this. This board sits from May until September, and is a permanent board as contra-distinguished from a committee, board or officer appointed to perform a single act, or single series of acts. When it acts, it does not cease to exist, and it may be denominated a permanent board, unlike the case of Wells County Road, 7 Ohio St, 17, where commissioners were appointed to establish a road, one of whom *346 did not qualify, and the action of the other two was held ■erroneous. It is not an authority in point. In the case of Young v. Buckingham, 5 Ohio St, 485, commisioners were appointed to perform a single act, namely, to appraise property, and it was held that two could not bind all.
Numerous authorities are cited, notably Hamilton v. The •State, supra, that sustained the contention of counsel on this point,which I have already stated, The authorities •upon this proposition make it a debatable question.
Numerous authorities are cited by counsel for the defsndant, and we refer to the People ex rel. v. Loew, 28 Barb. 310; Martin v. Lemmon, 26 Conn. 192; Perry v. Tymen, 22 Barb. 137, together with the discussion of this question in Judge Dillon’s very excellent work on Municipal Corporations, which was not cited, but which we have examined.
In the examination of these authorities,we find them exactly quoted in the brief of counsel for defendants, and these sustain the other contention that a majority of the body, all having been notified of the meeting, may meet and bind all.
In the case of People ex rel. v. Loew, 28 Barb. 310, the syllabus is as follows: —
“Where a power is to be exercised by several persons, a majority of the whole number may proceed to act, and their action will be legal, provided all the members composing the body are summoned to attend, or have notice of the time and place of meeting. The right to such notice is one which the majority cannot take away from the minority. All comprising the body are entitled to reasonable notice of the time and place of meeting; and if all are summoned, or have notice, a majority attending may proceed to act, and a majority of that quorum may bind the whole body.”
In the case of Hamilton v. Loew, 26 Conn. 192, the syllabus is as follows: — •
“An act of a public nature, which is to be performed by a committee may, where merely ministerial, be performed *347 by members of the committee acting separately, and by a majority of the members, and it is holden in this state, in a certain class of cases, that the act requiring the exercise of judgment may be so performed; but, as a general rule, where'an act requires the exercise of judgment,the members of the committee must convene, or be notified to convene, and confer on the subject, and a majority thus convened will constitute a quorum and may perform the act, and, according to some modern authorities, a majority of the, quorum has the same power.”
W. M. Ampt, for Plaintiff.
Frank F. Dinsmore, Assistant County Solicitor, for Defendants.
From the case of Perry v. Tymen, 22 Barb., 137, we quote as follows:—
‘‘Where power is delegated for a mere private purpose, all the persons, if more than one, upon whom the authority is conferred, must unite and concur in its exercise. In case of a delegation of a public authority to three or more persons, the authority conferred may be exercised and performed by a majority of the whole number. If the act to' be done by virtue of such public authority requires the exercise of discretion and judgment — i. e., if it is judicial — ■ the persons to whom the authority is delegated, must meet and confer together, and be present when the act is performed, or, at least, a majority must meet, confer and be present, after all have been notified to attend.”
Now,a review of these authorities leads us to the conclusion that where an authority has been delegated to a board or committee, the authority thus delegated may be exercised and performed by a majority of the. whole number, if all have been notified to attend the meeting. And if a majority do attend, their act will bind the whole body.
Taking this view, it follows that the petition will be dismissed.