Per Curiam.
The 16th section of the act on which this suit was brought, authorizes any person to sue for the penaltyanddedares that one moiety, when recovered, shall be paid to the overseers of (he poor of the town in which the offence shall happen, &c.
The summons stated that the defendant was to answer to the 'complaint of the plaintiff, in behalf of himself and the people; but it added also, “ in a plea of debt to his damage, 25 dollarsand the declaration, though it stated, preliminarily, that the plaintiff complained as well for himself as the people, yet it was of a plea, that the defendant render to the plaintiff 25 dollars, which from him he unjustly detained; and that the action had accrued to the plaintiff, &c. The formal proceedings were substantially correct; and the sale by the wife of the defendant, in his house, was a sale by the defendant, for which he must be deemed responsible,')] in a civil suit, as for his own act. The husband is answerable for a forfeiture, under a penal statute, incurred by .the wife. In the case of a usurious bond, taken by the husband, and where the usury was exacted and taken by the wife, it was ruled by Lord Holt (Barnel v. Tomkyers, Skinn. 348.) to be a usurious contract by the husband, sufficient to avoid the bond and charge the. husband, civiliter. The judgment below must be affirmed.
Judgment affirmed.