Andrews *v.* Harrington.

————•◆•————

ANDREWS and HARKNESS, overseers of the poor of the town of Potter, *vs.* HARRINGTON.

A summons issued by a justice of the peace, in an action brought to recover penalties for violations of the excise law, was indorsed "Issued according to the *proceedings* of title nine, chapter 20th, part first of the revised statutes." *Held,* that this was a substantial compliance with the section of the statute (2 *R. S.* 481, § 7) requiring process in suits for penalties to be indorsed "according to the *provisions*" of the statute by which the right of action is given.

What is sufficient proof of the authority of an attorney to appear for a plaintiff, in a justice's court.

Where, in an action to recover penalties for violations of the excise law, the plaintiff proves, by competent testimony, one clear violation of the statute, and recovers for one penalty of $25, the judgment will not be vitiated by the court receiving in evidence the declarations of a third person in respect to a different violation of the statute, by the defendant.

In an action of that nature, brought by overseers of the poor, the plaintiffs cannot recover unless it is shown that the defendant sold liquor in violation of the statute, in the town of which they are officers.

Yet where it appeared that the justice before whom the action was brought, resided in a particular town, and that the plaintiffs prosecuted as overseers of the poor of that town, and no question or objection was raised before the justice, as to the place where the liquors were sold, *it was held* that it was fairly inferable that it was assumed, upon the trial, that the selling occurred in that town, and that the cause was tried upon that assumption.

APPEAL from a judgment of the Yates county court, affirming the judgment of a justice of the peace. The action before the justice was brought to recover several penalties for violations of the excise law. The facts are sufficiently stated in the opinion of the court.

*J. D. Woolcott*, for the appellant.

*James Taylor*, for the respondents.

*By the Court*, WELLES, J. The summons issued by the justice did not state the official character in which the plaintiffs sued. It is a sufficient answer to the objection now taken on that ground, that no such objection was made before the justice. The objection there was in these words : " as it declares in civil action for penalties." That was no objection. The point is entirely technical, and not to be favored.

The objection now taken, that the summons was improperly indorsed, cannot be maintained. The indorsement was as follows : " Issued according to the *proceedings* of title nine, chapter twentieth, part first of the revised statutes." This I think was a substantial compliance with the statute, which uses the word " provisions," instead of " proceedings." (2 *R. S.* 481, § 7.)

At the return of the summons, one Andrews appeared for the. plaintiffs. The defendant by his attorney denied the authority of Andrews to appear. The return of the justice then says, " Plaintiffs' counsel on oath declares his authority, by one of the overseers of the poor of the town of Potter to answer to this suit. Plaintiff sustained by the court." Then follows the complaint, in which the official character of the plaintiffs as overseers of the poor of the town of Potter is disclosed. It was afterwards

proved that the plaintiffs were such overseers. This, I think, should be held sufficient, especially as the defendant appeared and answered the complaint and defended at the trial. (*Fanning* v. *Trowbridge,* 5 *Hill,* 428. *Wilcox* v. *Clement,* 4 *Denio,* 160.)

Upon the trial, the plaintiff made clear proof by at least one witness, whose testimony the justice, so far as we can perceive, had no right to disregard or discredit, of the sale of one quart of whisky. No error is complained of in respect to that evidence. Afterwards the justice allowed the plaintiffs to prove the declarations of one John Conley, to the effect that the defendant had sold him whisky contrary to the statute, and this when the defendant was not present at the time the declarations so proved were made. This evidence was received, notwithstanding objections were interposed to it by the defendant. This· was clearly error, but not such an error as to vitiate the judgment; because the recovery was for one penalty, ($25,) and if the plaintiffs were entitled to recover at all, they were entitled, by virtue of the other evidence referred to, to recover that amount; and if the next point now made for the appellant can be got over, the justice was bound to render judgment for at least one penalty of $25. (*Bort* v. *Smith,* 5 *Barb.* 283.)

The remaining point now made by the appellant is, that there was no proof that the liquor proved to have been sold by the defendant was sold in the town of Potter. This is undoubtedly true. There is not a word of evidence tending to show, nor any thing in the case from which it can be inferred, in what town the liquor in point of fact was sold. It is not proved, nor does it in any way appear, in what town the defendants lived. This objection seems quite formidable. The plaintiffs prosecute as overseers of the poor of the town of Potter. They cannot recover unless the defendant sold liquor in violation of the statute in that town ; and although it was clearly proved that the defendant did sell in violation of law, yet it is not shown that it was done in the town of Potter. (2 *R. S.* 681, § 19.) But my brethren think, that inasmuch as the return shows that the justice resided in the town of Potter, and the plaintiffs prosecuted

as overseers of the poor of that town, and no question or objection was raised before the justice as to the place where the liquors were sold, it must have been assumed upon the trial, that the selling was in Potter; and that the cause seems to have been tried upon that assumption. Upon the whole, I am disposed, with some hesitation, to concur in this view.

The judgment of the county court is therefore affirmed.

[Monroe General Term, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]