## SUPREME COURT.

### The Board of Commissioners of Excise of Wayne County agt. Jacob Keller.

Where a *married woman*, (since March, 1860,) upon her sole credit and responsibility, and for her sole benefit, carried on the saloon business in a part of the house occupied by her and her husband as a residence, and among other things, sold strong and spirituous liquors without license, with the knowledge and without the assent of her husband,

*Held* that the *husband* was liable for the *penalties* given by the act of 1857, § 13.

*Wayne Special Term, October,* 1860.

The following are the facts in the above entitled cause, agreed upon by the respective parties thereto and submitted, as the evidence herein to the court.

That the wife of the defendant, who was married previous to March 20, 1860, residing with her husband, upon her sole credit and responsibility and for her sole benefit, carried on the saloon business in a part of the house occupied by them as a residence in the town of Lyons, county of Wayne, and state of New York, and among other things, sold strong and spirituous liquors without license, with the knowledge and without the assent of her husband; that in the course of such business, and on the      day of July, 1860, at said town, she sold to one Bernard Kernan one gill of whiskey, and received from said Kernan therefor, five cents.

That such business was commenced and carried on by her since the act entitled, " An act concerning the liabilities of husband and wife, passed March 20, 1860," went into effect. That she has no separate estate, other than that derived from carrying on such separate business as aforesaid. That he has furnished no means, and that she has all the proceeds and profits resulting from the same. Respectfully submitted.

Commissioners of Excise agt. Keller.

J. WELLING, *attorney for plaintiff.*
D. H. DEVOE, *attorney for defendant.*

CAMPBELL, Justice. The husband, the defendant having been sued by the commissioners of excise, the question presented is, is he liable for the penalty? Prior to the passage of the act of March, 1860, concerning the liabilities of husband and wife, there could be no doubt that the husband would have been liable for the penalty. The case of *Hasbrouck* agt. *Weaver*, (10 *John.*, 247,) is exactly in point. There the wife sold the whiskey in the absence of the husband. But the court said, approving a rule laid down in *Hawkins:* " The husband is answerable for a forfeiture under a penal statute incurred by the wife." Has the act of 1860, relieved the husband from this liability? I think not. The wife may now carry on business in her own name and for her own benefit. But it must be a lawful business. When she undertakes to carry on an unlawful business, when she commits an offence against the laws of society, when she violates a statute penal in its character, and especially when she does that in her husband's house and with his knowedge, he still remains liable to answer for her misdemeanor. The law, tender towards the wife, will presume, when the offence is commited in his presence and with his knowedge, that it was done by his coercion and will hold him answerable. There is nothing to rebut the presumption in this case. (See *Barbour's Criminal Law*, 2d ed., *p.* 247, *et. seq.*, *and cases cited.*) It is unnecessary to determine in this case whether the wife who should engage in this illegal traffic away from her husband's house might not herself be indicted or prosecuted for the penalty. It is sufficient to decide that this device, if device it was intended for, to evade the enforcement of a most salutary statute cannot be allowed to succeed.

There must be judgment for the plaintiff for fifty dollars and costs.