THE BOARD OF COMMISSIONERS OF EXCISE OF ORANGE
COUNTY *vs.* JAMES DOUGHERTY.

A license to sell liquors to be drank on the premises, issued under the excise
act of 1857, (*Laws of* 1857, *ch.* 628,) is not only a license to the licensee to sell,
&c., but is also a license to sell liquor at a particular place. A license so
issued will protect the agent or clerk of the licensee; but a person selling as
the agent or clerk of a person, or at a place, not licensed, cannot obtain im-
munity by claiming that he acted for another party.

A husband guilty of a violation of the statute cannot relieve himself from
liability by setting up the defense that his wife owned the tavern where the
liquor was sold, and that he sold as her agent; where there is no proof that
the wife had any license.

THIS is an action brought by the plaintiff to recover from
the defendant five penalties for violations of the fol-
lowing section (being section 13) of the act of 1857, known
as the excise law:

" Whoever shall sell any strong or spirituous liquors or
wines in quantities less than five gallons at a time, without
having a license therefor granted as herein provided, shall
forfeit $50 for each offense."

The case was tried before his honor Judge GILBERT and
a jury, at the circuit court held at Newburgh in April,
1869. Upon the trial the plaintiff proved by Mary Martin
that she had frequently bought liquor or spirits in quan-
tities less than five gallons at a time, at the place of resi-
dence of the defendant, and paid for it; that the defendant
kept a store, with a bar in it, for the sale of liquors; that
the purchases had sometimes been made of the defendant
and sometimes of his wife; that she bought it of the de-
fendant sometimes by the glass, to drink on the premises,
and sometimes by the small measure, to take home. The
plaintiff proved by William Martin substantially the same
facts, with the additional one that there was no sign over
the door of the store where the liquors were sold. From
the testimony of James Scott, it appeared that the place
where these liquors were sold was another from that where

Mrs. Dougherty, previous to her marriage, had kept store; and that Mr. Dougherty, the defendant, and his wife lived together at the place where the testimony showed liquor to have been sold. After making formal proof of the bringing of the suit in due form of law, the plaintiff rested. The defendant being sworn, testified that his wife kept the store where the liquor was sold as above proven, and that "the property belongs to her." Upon his cross-examination, it appeared that he was cognizant of the fact that liquor was kept and sold at that place, and also of its being bought by his wife. After which testimony the case was closed, and submitted to the jury upon the charge of the court. Certain requests to charge were made by the plaintiff's counsel and denied by the court. To the charge and decision of the court, certain exceptions were taken. The jury rendered a verdict for the defendant. Leave was granted to the plaintiff to make a case. Judgment was duly entered upon the verdict, and from that judgment this appeal was taken by the plaintiff.

*Duryea & Bacon*, for the appellant. The questions to be reviewed arise upon the exceptions to the charge. It is insisted on behalf of the appellant that the defendant, under the proof, was liable,

1st. As the husband of Mrs Dougherty, who, he swore, carried on the business with his knowledge, and with whom he then lived; and if not as the husband, then,

2d. As the agent of Mrs Dougherty; and that the charge of the learned judge was erroneous in so far as he charged that "the only question is, who made the sale? in other words, whether the defendant acted as principal or as agent of his wife."

It is also insisted that the learned justice erred in refusing to charge as requested by the plaintiff, that if the jury found that the bona fide principal of the establishment was

Mrs. Dougherty, and that the sales in question were made by the defendant in the capacity of an agent for her, that was a complete defense to the action; also, that if the wife was carrying on the business of selling liquor without license, and the defendant, being her husband, as her agent, sold liquor at the times stated in the complaint, in quantities less than five gallons, to be drank on the premises, and took pay for it, he was liable.

I. The husband is liable for a forfeiture under a penal statute incurred by the wife. (*Bac. Ab. title Baron and Feme,* 3d ed., p. 356. *Hasbrouck* v. *Weaver,* 10 *John.* 247. *The Board of Commissioners of Excise of Wayne County* v. *Keller,* 20 *How.* 280.) The common law rule was well established as above. The statutes relating to the rights of married women have not diminished the privileges of the wife, nor relieved the husband from any of his liabilities in relation to any of her acts, except contracts affecting her separate estate, and suits brought for her own benefit, in strict accordance with the statute. The liability of the husband for the torts of the wife remains unchanged. The liability of the husband in actions of this character is in all respects analogous to his liability for torts of his wife, and has not been altered by those statutes. (*Schaus* v. *Putscher,* 25 *How.* 463. *Hortin* v. *Payne,* 27 *id.* 374. *Matthews* v. *Fiestel,* 2 *E. D. Smith,* 90. 20 *How.* 280, *above quoted.*) The legal presumption of coercion by the husband, of the wife, is not rebutted by any testimony in this case; but the facts shown are of such a nature that it is evident that it was incontrovertible. Any other rule of construction of this statute than that contended for would be against public policy.

II. An agent is personally liable for his own acts of direct and positive wrong. A person who freely does an illegal act cannot relieve himself from the legal consequence of such act by claiming that he did it as agent. The statute

says "whoever shall sell"—making no exception for the case of one selling as agent. The only act of the defendant necessary to be proven, to fix his liability, is the sale. The rule is fully established that an agent is personally liable to third persons for his own misfeasance and positive wrong, and the foundation of this rule is stated by Mr. Justice Story (*Story's Agency, p.* 316) to be that no authority whatsoever from a superior can furnish to any party a just defense for his own positive torts or trespasses; for no man can authorize another to do a positive wrong. (*Story's Com. on Agency, ch.* 12.; *authorities quoted on pages* 318, 319.) On page 318, section 312, the learned commentator says, "*a fortiori,* if the principal is a wrongdoer, the agent proven innocent in intention, who participates in his acts, is a wrongdoer also." (*Wright* v. *Wilcox,* 19 *Wend.* 343. *Vanderbilt* v. *The Richmond Turnpike Co.,* 2 *Comst.* 479. *Sraights* v. *Hawley,* 39 *N. Y. Rep.* 441.) The rule is equally well settled in criminal law, both with regard to breaches of the excise law and all other misdemeanors. (1 *Chitty's Cr. Law,* 261. *Whart. Cr. Law,* § 2437, *and cases therein quoted. The People* v. *Adams,* 3 *Denio,* 190. *The People* v. *Erwin & Clark,* 4 *id.* 129. *French & Conklin* v. *The People,* 3 *Parker,* 114.) Actions of this character are *quasi* criminal. The liability of a defendant in an action of this character cannot be more restricted than it would be in the case of an indictment for the offense of selling liquor without a license.

III. Errors in the charge to the jury, and refusals to charge as requested, being duly excepted to, are sufficient grounds for a reversal of judgment. (*Wardell* v. *Hughes,* 3 *Wend.* 418. *Palmer* v. *Andrews,* 7 *id.* 142. *Sayre* v. *Townsend,* 15 *id.* 647. *Castanss* v. *Ritter,* 3 *Duer,* 710. *Kimball* v. *The Hamilton Fire Insurance Company,* 8 *Bosw.* 495.)

*J. Hallock Drake,* for the respondent.

*By the Court,* TAPPEN, J.   The action was brought to recover of the defendant five penalties of $50 each, for selling liquor without a license, under section 13 of the act of 1857, known as the excise law.   (*Laws of* 1857, *vol.* 2, *p.* 405.)

The sale by the defendant was clearly proven, and the defense relied upon was that his wife owned the tavern, and that he sold for her.   The charge of the judge was in substance that if the defendant sold as principal, he was clearly liable, but if he sold as the agent of his wife, that was a complete defense.   The jury found for the defendant, and the case is reviewed upon suitable exceptions to the charge.

The statute in question requires that persons licensed to sell liquors to be drank on the premises, shall propose to keep an inn or tavern, &c.   So that a license is not only to the person to sell &c., but is also a license to sell liquor at a particular place.   A license so issued would protect the agent or clerk of the licensee; but a person selling as the agent or clerk of a person, or at a place not licensed, cannot obtain immunity by claiming that he acted for another party.

In the *Excise Commissioners of Wayne* v. *Keller,* (20 *How.* 280,) the wife kept the place with her own means, conducted the business and sold the liquor, and the husband was held liable to the penalty.   In that case the offense was subsequent to the act of 1860 concerning the liabilities of husband and wife, and the case of *Hasbrouck* v. *Weaver,* (10 *John.* 247,) is quoted.   There the wife sold whisky in in the absence of her husband, and the court said, approving a rule laid down in *Hawkins,* " the husband is answerable for a forfeiture under a penal statute incurred by the wife."

It was not claimed on the trial of the case now under consideration that the wife of Dougherty had any license; it was apparently conceded, and in his charge the learned judge said: " There has been a clear violation of the

statute proven;" so that the point now raised by the defendant that the plaintiff failed to show that the defendant's wife had no license, can have no force here, not being raised at the trial, but being at variance with the course of the defense at the trial.

We think a violation of the 13th section of the act was established by the evidence against the defendant, and his agency does not, under the quoted decisions, relieve him of liability.

Judgment reversed and a new trial granted; costs to abide the event.

[KINGS GENERAL TERM, December 30, 1869. *J. F. Barnard, Gilbert* and *Toppen,* Justices.]