Isaac S. Signor, County Judge.
This is an appeal from a judgment entered on a verdict of a jury by Russel S. Eggleston, Esq., a justice of the peace of the town of Gaines.
*232 The judgment is for §200 damages, and $10 costs, for penalties incurred by violating the excise law, in selling liquors in quantities less than five gallons at a time without having a license therefor. The complaint contains one hundred and four counts, all but one of which charge that, on a certain day therein named, the defendant, at the town of Gaines, sold strong and spirituous liquors in quantities less than five gallons, and thereby became indebted to plaintiff in the sum of $50. Each count also alleges that plaintiff is the overseer of the poor of the town of Gaines. The last count alleges that defendant, on each and every day, between January 1, 1883, and November 1, in the same year, sold strong and spirituous liquors, &c., and became indebted to plaintiff, differing from the other counts only in the days specified, and also in stating that the indebtedness was incurred pursuant to the statute, passed April 16, 1857. It appears from the return, that the summons herein was issued and made returnable March 5, at which time defendant appeared, and by his counsel moved to quash the summons, on the ground that it “ contained ” no sufficient indorsement upon the same as required by law. “This motion was denied, and thereupon issue was joined, and the complaint and answer in writing filed and cause adjourned to March 20, at the request of the defendant. On the adjourned day counsel for the plaintiff asked for a venire, and counsel for defendant objected, and asked for a further adjournment, on account of the absence of necessary witnesses, which was denied.
A venire was then issued and placed in the hands of a constable. Defendant’s counsel objected to having the venire given to the constable, on the ground that he did not stand indifferent between the parties, and asked to examine the constable on this motion, which was refused on the ground that if the constable *233 was not indifferent between the parties, it could be shown on a challenge to the array. On the return of the venire, defendant’s counsel challenged the array, and the constable was thereupon examined, and the challenge overruled, and a jury obtained, with which both parties expressed themselves satisfied—counsel for defendant going so far as to say he would be willing to be tried for his life with that jury.
Prior to impaneling the jury, defendant’s counsel had moved to strike out all counts but four, also to strike out each and every count, on grounds hereafter stated. The trial proceeded, and a verdict was. rendered against defendant.
The defendant appeals to this court, alleging various grounds of error, which will be considered as nearly as may be in the order in which they arise.
The indorsement on the summons was in the following words : “Issued for a violation of sections 13 and 14 of an act entitled ' An act to suppress intemperance and regulate the sale of intoxicating liquors,’ passed April 16, 1857.” *
It is claimed that this indorsement is not sufficient under section 1897 of the Code of Civil Procedure, in not referring to the section of the law, and the law by which said section was amended, giving the plaintiff the right to sue for and recover penalties in his official capacity.
As was said in Marselis v. Seaman, 21 Barb. 319, quoting from remarks of Justice Cowjsn, in Avery v. Slack, 17 Wend. 85 : “ The object of the statute was to give the defendant notice by indorsement of the offense for which he was prosecuted.” See also, Cox v. N. Y. C. & H. R. R. Co., 61 Barb. 615.
*234 This would seem to be the same view taken of this question by the legislature, in enacting the Code of Procedure, for it is only where a complaint is not served that any indorsement is necessary. The intent is evidently to convey only such information as would necessarily be given by a complaint, if served. The sections referred to gave the defendant notice that he was prosecuted for the sale of liquors in quantities less than five gallons at a time without having any license therefor.
The title of this action, as it appeared in the summons, gave him notice that he was prosecuted by the plaintiff as overseer of the poor. Had a summons and complaint been served, the complaint need not have shown how or by what authority plaintiff could maintain his action. . It would have been necessary for him to allege his official capacity, and state the offense. The court would take judicial notice of this statute, giving him the right to sue. This would have given defendant the same notice that he had, by service of the summons, as it was indorsed.
I think the indorsement was sufficient, and the justice committed no error in refusing to set aside the summons on this ground. If the case of Board of Commissioners of Excise of Saratoga Co. v. Doherty, 16 How. Pr. 46, cited by counsel for appellant, be followed, it is a controlling authority against him on this point. See, also, Andrews v. Harrington, 19 Barb. 343 ; Perry v. Tynen, 22 Id. 137 ; Marselis v. Seaman, 21 Id. 319.
If there had been a total absence of an indorsement, a general appearance would waive such defect (Bissel v. N. Y. C. & H. R. R. Co., 67 Barb. 385).
Defendant, on his motion to adjourn, presented his affidavit, stating substantially that two witnesses therein named were necessary and important witnesses without whom he could not safely proceed to trial; *235 that he had obtained a subpoena and made diligent efforts to subpoena said witnesses, who were temporarily absent from the State ; that they were expected to return sometime during the month of June, when he expected to be able to obtain their testimony, and that he would be able to procure their attendance in person, or obtain their testimony by commission ; and that the reason he had made no attempt to procure their testimony by commission was that he had been unable to learn the name of a suitable person to act as commissioner. It appeared, upon examination of the defendant pending the motion to adjourn, that defendant had done nothing to obtain these witnesses, and in reply to the question : “ What have you done to get the name of a commissioner to take the testimony of those witnesses ?” he said, “ I have done nothing.” Defendant was asked what he expected to prove by these witnesses, and refused to answer—although directed by the court so to do. I think, from the facts described in the return, viz.: that six days before the summons was issued, defendant saw these witnesses, who told him they were going to Dakota, as he says, on a journey ; that, notwithstanding this, he took out a subpoena, and swears in his affidavit- that he has made due and diligent effort to subpoena said witnesses, by calling at their place of residence, with a subpoena for the purpose of subpoenaing them; and that the reason he had done nothing toward taking out a commission was that he had been unable to find a suitable person to act as commissioner : and then, on his examination by plaintiff’s counsel, stating that he had done nothing to secure their attendance, and had done nothing to learn the name of a commissioner, although fifteen days had elapsed since the prior adjournment ; and from the fact that he refused to state, although directed so to do by the court, what he expected to prove by these witnesses, there was at least *236 some ground to lead the justice to question the good faith of the application, and especially as knowing, on the former adjournment of the absence of these witnesses, what the complaint was, that he was to answer; and personally knowing the importance if any of their testimony, he consented to and requested an adjournment of only fifteen days—making no claim, to any longer adjournment, on account of these witnesses.
The matter of adjournment is a matter resting in the discretion of the justice, and unless that discretion is evidently abused, will not be disturbed by this court. (Onderdonk v. Ranlett, 3 Hill, 323 ; Weed v. Lee, 50 Barb. 354; Bush v. Weeks, 24 Hun, 545).
I think, under all the circumstances, the justice had a right to direct the defendant to state what he expected to prove by these witnesses, that he might judge of the importance of the testimony, and that plaintiff might admit what they would swear to, if he saw fit so to do ; and that there was no abuse of discretion, in refusing the adjournment.
It also seems to me, that no material error was committed by the justice, in holding that defendant could examine the constable, who served the venire, on a challenge to the array of jurors, but not at the time demanded. The venire, as appears from the return, and as stated on the argument, had been delivered to, and was in the hands of, the constable at the time the objection was interposed, and the demand for his examination made. The justice refused an examination at that time, but stated that defendant might examine the constable on a challenge to the array. This examination was had, and, I think, showed that the constable was indifferent between the pai’ties and competent to serve the venire.
It is conceded that the jury summoned was a fair jury, and defendant’s counsel approved of them by say *237 ing'it was a good jury ; and, as stated on the argument, he would not he afraid to be tried for his life by that jury. It is very evident that the defendant did not suffer any injury by not being allowed to examine the constable, at the time he demanded such examination, instead of at the time he did so examine him. The proper practice, I think, would have been to examine the constable as to the alleged objections on the delivery of the venire ; but I think the same purpose was accomplished and defendant’s rights secured as fully by the examination on the return of the venire, and before any jurors were drawn, as the justice could then have set aside the panel and issued a new venire, if the constable had been found incompetent to summon a jury by reason of favor or for any other cause (Rice v. Buchanan, 41 Barb. 147).
It is also claimed by the appellant, that the justice erred in not granting defendant’s motion to strike out the counts in the complaint. Defendant’s counsel claims that a recovery could be had, if at all, for only a single penalty, and cites in favor of this proposition the section of the Code giving a justice jurisdiction in an action for a penalty, and from this argues that he can have jurisdiction of only one penalty in an action: a process of reasoning more subtle than forcible, in my opinion, the Revised Statutes, prior to the Code giving jurisdiction in an action to recover any penalty, and the Code, as enacted in 1848, an action to recover a penalty. I think the law ever since Deyo v. Rood (3 Hill, 527), which was an action similar to this, has been well settled, that several penalties might be recovered in one action. Counsel for appellant has cited Fisher v. N. Y. C. & H. R. R. R. (46 N. Y. 644), which held that under the peculiar language of the act imposing a penalty for charging excessive fares, but a single penalty could be recovered ; but in that case Deyo v. Rood is cited, and distinguished. It was held in Washburn *238 v. M‘Inroy (7 Johns. 134), that but a single penalty could be recovered, as the law then stood ; but that case is distinguished in Deyo v. Rood, and it is shown that the section on which that decision was based, was not re-enacted. In Grover v. Morris (73 N. Y. 473), which was an action to recover under 1 R. S. 667, § 32, double the amount paid for lottery tickets, it was held that any number of causes of action could be joined.
That so large a number of causes of action were joined might seem at first to present a more difficult question, but notwithstanding the united penalties alleged to have been incurred would amount to several thousand dollars, plaintiff demands judgment only for an amount within the jurisdiction of the justice. It cannot be doubted that while plaintiff could only recover four penalties in this action, nevertheless the action would be a bar to the whole number included in the complaint, so that plaintiff could not be injured by the manner of pleading, unless it was by being obliged to go to trial without knowing for which precise day he was to answer; for plaintiff could no doubt have commenced one hundred actions for distinct penalties, and if he had proven the offenses, recovered a judgment on each ; but he has elected to join them all in one, and by a recovery on four, to bar the actions for the others.
Upon an indictment in a criminal prosecution, where greater certainty is required in pleading than in a civil action or on a trial in special sessions for one of the offenses alleged in the complaint in this action, the people, although obliged to name some day on which the offense alleged was committed, would not be held to strict proof of the day named, though they would to the proof of the offense charged ; and it was held in Tiffany v. Driggs, 13 Johns. 253, that under the peculiar provisions of the sattute, while *239 only one penalty could be recovered, yet that where a sale was alleged to have been made January 1, proof that such sale was made at any time, during the month should have been received. And in Hall v. McKechnie (22 Barb. 244, 245), where four counts were joined in one action, and no day was specified in any one of them, on which the sale was made, a motion was made to strike out the last three counts, which was held at general term to have been properly denied by the justice, and a judgment for the four penalties sustained. Although there may be some question as to how-many causes of action a plaintiff should be allowed to prove when the jurisdiction to recover is, as in this case, limited to a certain number, yet I think he may now state any number or any amount of damages to have been incurred, provided he demands only a sum within the jurisdiction of the court (Bowditch v. Salisbury, 9 Johns. 366; Bennett v. Ingersoll, 24 Wend. 113; Yager v. Hannah, 6 Hill, 631; Rockwell v. Perine, 5 Barb. 573.)
It was also claimed that the complaint should have been dismissed on the ground that it did not state facts sufficient to constitute a cause of action, and the special reasons alleged are: “That it should have referred to the entire chapter and title of the statute claimed to have been violated, and should have referred to the provisions of law, giving the plaintiff as overseer of thO poor the right to sue.”
The complaint alleges that, the plaintiff is the overseer of the town of Gfaines, and that on a certain day the defendant, without having a license so to do, sold strong and spirituous liquors within said town, in a quantity less than five gallons, and thus became indebted to the plaintiff in a penalty of $50, pursuant to the statute in such case made and provided. The indorsement on the summons showed what particular section of the act it was claimed he had violated, but *240 it is claimed the complaint should have also referred to these sections, and the section as amended—giving the plaintiff the right to maintain this action ; and numerous cases are cited in support of this proposition ; all of which I have examined, but which I think only go to the extent of holding that it was not, under the former rule of pleading, sufficient to declare generally in debt for a penalty, without setting out the special grounds of recovery. Here the complaint expressly states how the defendant became indebted : by selling strong and spirituous liquors, &c., contrary to the statute, and was sufficient. Plaintiff was obliged to prove nothing, excepting what he had alleged in his complaint, to make out his cause of action.
A motion was made at the close of plaintiff’s case for a nonsuit, which was properly denied. Numerous sales of an article called “sun-smile” by defendant were clearly proven by competent testimony, as well as sales of lager beer, which was proven to be intoxicating, and I think one at least where whisky undisguised as “ sun-smile ” was sold. If any incompetent testimony was admitted, there was enough that was competent' to warrant the verdict, and to sustain it (Andrews v. Harrington, 19 Barb. 343, 345).
Defendant, however, claizned that “ sun-smile” was not intoxicating, while other witnesses swore that it was—that it tasted like whisky. One witness stated that he had been intoxicated on “sun-smile,” and a physician called by defendant testified that he had used “sun-smile” in his practice, enough to know that it contained alcohol and some kind of tonic, and thought a majority of people might dzink enough to become intoxicated, and thought it contained about fifteen per cent, of alcohol. It appears that this sun-smile, whether it be a new name for whisky clear, or whisky diluted, was sold at the bar by defendant in person. It was claimed that he acted as agent for *241 another, but this would be no protection to him in violating the law (Board of Excise of Orange Co. v. Doughtery, 55 Barb. 332); and it is quite evident that the sun-smile” sold by the defendant at the hotel bar, kept by himself, or wife, and drank as a beverage, properly came within the definition of strong and spirituous liquors, within the rule laid down by the court of appeals in Board of Excise of Tompkins Co. v. Taylor, (21 N. Y. 173). This, the defendant says, he has been engaged in selling “since last April.” I do not see how a jury could arrive at any different verdict from that rendered.
The j udgment appealed from should be affirmed with costs.
Ordered accordingly.
II. July, 1885.
From the judgment of the county court, the defendant appealed, and the general term * affirmed the 3"udgment upon the opinion of the county judge.
All concurred, except Haight, J., not sitting.

By section 22 of that act these penalties were to be sued for by county commissioners ; by amendatory acts of 1870 and 1878, the power to sue was transferred to town overseers.

 Smith, P. J., Barker, Haight, and Bradley, JJ.