NEW-YORK,
May, 1816.

TIFFANY
v.
DRIGGS.

TIFFANY, *qui tam, &c.*, against DRIGGS.

IN ERROR, on *certiorari* to a justice's court.

The plaintiff in error, who was, also, plaintiff in the court below, declared, in debt, as well for himself as for the overseers of the poor of the town of *Rome*, against the defendant, for selling, on the 1st of *January*, 1814, one gill of gin, to be drank in the store of the defendant, without having entered into such recognisance as is required by the *act to lay a duty on strong liquors, and for regulating inns and taverns ;* and for selling like small quantities of liquors to the plaintiff and others, on each day in that month ; and for selling to the plaintiff, on the 1st of *January*, 1814, one quart of gin, without having the license required by the said act; and for the like offences on every other day in the same month ; and concluded with demanding twenty-five dollars of debt, for the penalty of one of the said offences.

At the trial, the plaintiff offered to prove, that, some time in the month of *January*, 1814, the defendant sold, at his store-house, half a pint of gin to *Job Sherman*, (one of the persons to whom the defendant was charged in the declaration to have sold liquor,) to be drank in his store-house, without having entered into the recognisance required by the statute. This testimony was objected to, unless the witness would specify the particular day of selling. The justice decided, that the objection was well taken, and nonsuited the plaintiff.

YATES, J., delivered the opinion of the court. This court have decided that the act to lay a duty on strong liquors, and for regulating inns and taverns, inflicts but one penalty for the offence of selling liquors without a license, and that the amount of such penalty only can be recovered in one action. *Washburn v. M'Inroy,* (7 *Johns. Rep.* 134.) The eighteenth section of the same act (1 *R. L.* 181.) ordains, that whenever any suit shall be commenced, and a recovery had, for a penalty incurred by selling strong or spirituous liquors, without license, such recovery shall be a bar to all prosecutions for offences of the like nature, committed before such recovery.

*In an action to recover the penalty given by the 7th sect. of the act to lay a duty on strong liquors, &c., sess. 24. c. 164, the plaintiff may unite, in his declaration, any number of offences, but he can only recover the penalty for a single offence ; and a conviction in such action, is a bar to all prosecutions for offences of the like nature committed before such recovery.*

*It is unnecessary for the plaintiff to prove the precise day of committing the offence ; and it will be sufficient for the justice, in making up the record of conviction, to insert the day laid in the declaration, although no particular day was proved.*

NEWYORK,      It appears, by the return of the justice, that the evidence
May, 1816.  offered on the part of the plaintiff, went to show that the liquor,
TIFFANY     as stated in the declaration, had been sold by the defendant some
v.          day in *January*, 1814. This ought to have been deemed suffi-
BRIGGS.     cient, because, by the above section of the act, the recovery
would have been a bar to all previous offences; and the particu-
lar day of the month was not material or necessary to support
the declaration. It was enough that the evidence went to
prove one offence in the month of *January*, as no more than one
penalty could have been recovered for any number of the like
nature previously incurred.

I am aware that, by the 8th section of the twenty-five dollar
act, the form of the record of conviction is given, and that the
justice is thereby required to insert the day when the offence was
committed; but this does not render it necessary that the evidence
should state the day with greater certainty than was done in the
present case, because proof of any day before the commencement
of the action was sufficient; and the trial, in this instance, was
in *January*, 1815; and the witness stated the offence to have been
committed in the preceding *January*, so that I can see no reason,
according to the most rigid construction of the act, (being a penal
statute,) why the justice, in making up the record of conviction,
would not have been authorized to insert any day in the month
of *January*, 1814, according to the declaration and the evidence
before him in support of it; and being thus enabled to comply
with the form prescribed by the act, it is evident that the plaintiff
ought not to have been nonsuited on the ground that no particu-
lar day was proved. The judgment must, therefore, be re-
versed.

                                                    *Judgment reversed.*