The motion was denied ; the following opinion being delivered at special term :
Curtis, J.
The plaintiff brings a suit in equity, asking for an accounting by the executors of a deceased agent, who it is claimed, in his lifetime, received rents and moneys which he did not account for. If the plaintiff shows at the trial facts that entitle him to an accounting, then the account must be taken and stated. At this stage of the suit, the evidence respecting the alleged acts of the agent will be taken, and usually before a referee appointed to take and state the account.
The defendants apply for a bill of particulars of the plaintiff’s demand.
In this case, it is a matter of discretion whether one should be ordered or no". For anything that appears, *485 the defendants are as well acquainted as the plaintiff with the nature and particulars of the claims, and have all the knowledge necessary for them to prepare an answer to the complaint in the form it is pleaded. The effect of a bill of particulars would be to limit the testimony, and consequently the accounting and the recovery to the matters stated in the bill.
If the view contended for by the defendants is correct, it would result, that in every case when a party sought an accounting in equity from an agent who had defrauded him, there would be no remedy unless he could state in a bill of particulars accurately every item which the agent had with held. This would defeat the remedy and leave the principal unable to sustain his claim against the agent who had embezzled and misappropriated the funds he had employed him to collect. I think the views expressed in the opinion in Blackie v. Neilson (6 Bosw. 681), must control in determining this question.
The motion is denied, with costs to plaintiff to abide the event of the suit.
John McKeon, attorney and of counsel for appellants, urged:-I. The complaint in this case is in fact an action for money had and received by Thomas Kivlin in his lifetime as agent of the deceased (William Powers).
II. The complaint does not show facts of an equitable nature. There are no allegations of a fiduciary character of the deceased ; no allegations of mutual accounts; or of a series of transactions between the parties ; or of voluminous or intricate accounts between the parties. The complaint does not even pray for discovery. It is not every account which will entitle a court of equity to interference, and every agency does not authorize the filing a bill in equity (Maxon v. *486 Bright, L. R,. 4 Ch. App. 292; Towle v. Lamason, 5 Pet. 495).
III. The case of Young v. Demott (1 Barb. 30), and Blackie v. Neilson (6 Bosw. 681), are not in point to sustain the decision of the justice. In the present case, the affidavit of defendants is in no manner denied or explained, as in the case of Blackie v. Neilson. Even in that case, the court say, that the necessity of ¡giving the bill of particulars must appear by the moving papers, and by that the discretion of the court must be regulated. Our moving papers show this necessity, and they are not denied.
IV. The defendants having shown, by their affidavit, the necessity of this bill of particulars, for the purpose of framing their answer, and they acting as trustees of the estate of a deceased party, every facility should be afforded them by the court in getting at all the facts in plaintiff’s possession. The plaintiff does not set up that he can not give the information.
V. Under the code, the defendants have a right to u bill of particulars (Tilton v. Beecher, How. Prac. Rep. Jan. No. 1875).
Ambrose Monell, attorney and of counsel for respondent, urged;—I. A bill of particulars is not ordered as a strict legal right, but is a matter resting in the sound discretion of the court, except in those cases where the cause of action alleged in the pleading is an account against the adverse party, the items of which have not been set forth in the pleading. (Fullerton v. Gaylord, 7 Robt. 551).
II. Where, from the nature of the action, the knowledge of the facts on which the plaintiff’s claim rests, is more with the defendant than with the plaintiff, the latter will not be required to furnish a bill of particulars (Young v. De Mott, 1 Barb. 30; Blackie v. Neilson, 6 Bosw. 681).
*487 III. The office of a bill of particulars is to prevent a surprise upon the trial, and not to furnish evidence, and in the present case no surprise can befall the defendants, because they are, or should be, in possession of knowledge of all the transactions of Kivlin, whose executors they are (Drake v. Thayer, 5 Robt. 694).
By the Court.—Sedgwick, J.
Under section 158 of the code of procedure, the defendants were not entitled to a bill of particulars as a matter of right. Although the complaint averred, that the defendant’s testator had collected money belonging to the estate of William P. Powers, deceased, the action was not to recover damages as such, for the withholding of that money. The demand was that the money so collected and the other property be accounted for. The result might give the plaintiff substantial benefits to which they would have a right, other than a mere money judgment. If, however, they could show that not only money was withheld, but also personal chattels, they would have a light to a judgment of a mixed character. As the action was not upon an account, as such, the right to particulars of plaintiff’s claim was not absolute. There is no doubt that the learned j udge had the po wer, if the case called for it, to direct the plaintiff to give the particulars. We are satisfied, however, that he used a sound discretion in refusing it, and adopt the observation which led him to that result. It would not have been consistent with a due regard to the rights of the distributees of the estate of the plaintiff s intestate to cause those rights to depend upon the ability of the plaintiff to specify, in presentí, what was the particular thing or sum it was claimed the defendants should deliver or pay.
We can not examine the complaint, as if a demurrer had been pleaded, nor can we look to find if any of its allegations are indefinite or uncertain except *488 as respects the defendant’s motion for particulars. Until"the defendant demurs or makes his motion, the objections appropriate to these proceedings are not to be considered. We must now deem that the complaint sets out a basis for the plaintiff’s demand, that the defendants account for the property alleged to have been received by Kivlin, as agent of Mrs. Powers. The plaintiff’s rights will depend then upon the result, at present unknown, of that accounting.
We do not see that the defendants are in danger of having judgment against them because of their having no knowledge, as they have not, of the facts set out in the complaint. Indeed they might be in the same predicament if the plaintiff gave an ample bill of par ticulars. The course of practice in such a case permits of a proper adjournment, after the cause has reached a stage which discloses that the defendants are properly charged by the plaintiff. If tried by the court, there is no reason to suppose that these executors will not have the time necessary to examine or meet any evidence of facts as to which they could have had no original knowledge or information after the use of due diligence. If it be proper, a reference may be ordered as to all or a part of the issues. A bill of particulars was not, I think, necessary to the executors for the purpose of answering. For that, it was enough to aver that they had no knowledge or information sufficient to form a belief as to the allegations of the complaint.
The order should be affirmed, with ten dollars costs.
FbeedmÁh, J., concurred.