# SUPREME COURT.

## Joseph R. Kee *et al.*, overseers, &c., agt. Dennis McSweeney.

*Excise laws — Action to recover penalties for violation of — Complaint — when should be made more definite and certain — When bill of particulars will be required in such cases — Code of Civil Procedure, sections 531, 546, 1897 — When not necessary to indorse upon summons reference to statute.*

Where, in an action to recover penalties for violation of the excise laws, the complaint charged that the plaintiffs were overseers of the poor, &c., and that the defendant was, on the 12th day of May, 1883, keeper and proprietor of a hotel known as the "Mansion House," in the town named, and on that day at said hotel, in violation of the provisions of chapter 628 of the Laws of 1857, and the statutes amendatory thereof, he "sold strong and spirituous liquors and wines in quantities of less than five gallons at a time, viz., one gill of brandy, one gill of whisky, one gill of gin, one gill of wine, one gill of alcohol, one gill of rum, one gill of ale, one gill of beer, without having a license therefor granted according to the provisions of said statutes, whereby defendant became indebted and liable to plaintiffs in the sum of fifty dollars forfeiture and penalty imposed by said statutes." On motion to make the complaint more definite and certain, or for a bill of particulars:

*Held,* that the complaint is framed under and according to the rules and requirements of the common law, and is sufficient, as against the objection, that the reference to the law under which this action is brought is indefinite and uncertain. As a common-law pleading it is sufficient that the complaint charges in due form and sufficient particularity the commission of the offense declared by the statute, with general reference to the law giving the right of action for the penalty.

An indorsement on the summons referring to the statute is not necessary where service of a copy of the complaint accompanies it.

*Held,* further, that the plaintiffs should either make the complaint more definite and certain by amendment, stating the name and names of the person to whom the sales charged therein were made, or serve on defendant's attorney a bill of particulars giving such information, or in case of inability to give the name and names of such persons, then by stating grounds for the omission.

*Saratoga Special Term, August,* 1883.

*S. Brown*, for plaintiffs.

*W. G. Paris*, for defendant.

BOCKES, *J.* — Motion for order requiring the plaintiffs to make the complaint more definite and certain, or for bill of particulars.

The action is brought to recover penalties for violation of the excise laws. The complaint contains twenty counts or separate causes of action, and a recovery is claimed for one penalty of fifty dollars under each count. The counts are alike in all respects, except as to the day on which the several offenses against the statute are alleged to have been committed. The first is charged to have been committed May 12, 1883, and the other offenses on each subsequent day to and including the thirty-first day of the same month. The claim for relief is stated in each count alike. Attention need be called therefore to the first count only in our consideration of the motion. It is there charged that the plaintiffs were overseers of the poor, &c., and that the defendant was on the 12th day of May, 1883, keeper and proprietor of a hotel known as the "Mansion House," in the town named; and on that day at said hotel, in violation of the provisions of chapter 628 of the Laws of 1857, and the statutes amendatory thereof, he "sold strong and spirituous liquors and wines in quantities less than five gallons at a time, viz., one gill of brandy, one gill of whisky, one gill of gin, one gill of wine, one gill of alcohol, one gill of rum, one gill of ale and one gill of beer, without having a license therefor granted according to the provisions of said statutes, whereby defendant became indebted and liable to plaintiffs in the sum of fifty dollars forfeiture and penalty imposed by said statutes."

The points made against the pleading are (1) that the particular section of chapter 628, giving the penalty claimed, is not definitely and specifically stated and pointed out; and (2) that the name (or particular description) of the person to

Kee *et al.* agt. McSweeney.

whom the alleged sale was made is not given, nor is any reason or excuse given for such omission.

1. I think the first point of objection untenable. The complaint is framed under and according to the rules and requirements of the common law; not in debt as sometimes given by the statute for the recovery of penalties. It is sufficient as a common law pleading if it sets out a right of recovery under the law, stating all facts necessary to the offense for which the penalty is given, with a general reference to the statute. Section 1897 of the Code of Civil Procedure requires an indorsement on the summons referring to the statute, and, in some instances to the very section of the act, when service of a copy of the complaint does not accompany it. But this section has no application to a case like the present, where the complaint was served with the summons (4 · *Denio*, 269). As a common law pleading it is sufficient that the complaint charges in due form and with sufficient particularity the commission of the offense declared by the statute, with general reference to the law giving the right of action for the penalty. I think the reference to the law under which the action is here brought sufficient against the suggestion that such reference is indefinite and uncertain. As regards this point urged by the defendant's counsel, I think the motion without ground of support.

2. The second ground of motion I think well sustained. I think the same rule should be applied in this case as would be applicable to cases of divorce for adultery and slander and kindred cases. In an action for divorce the party should state the name of the person with whom the alleged adultery was committed, or should give excuse for the omission so to do; and in slander the complaint should give the name of the person or the persons to whom or in whose presence the slanderous remark was uttered, or give the reason or excuse for the omission. In the case in hand a sale of strong and spirituous liquors and wines is alleged, but to whom the sale was made is not stated, nor is any reason or excuse for the omission given.

And in each count, eight different and distinct sales are charged. Were these sales all to one person, or were they made to several? Should not the defendant be apprized as to which of these offenses the *one* penalty is claimed? Or must he go to trial and permit the plaintiff to then select his ground of action for some one offense not in the complaint specifically pointed out? Would not this give to the plaintiffs an undue advantage on the trial? It is an old and familiar rule of pleading that the party must state specifically and circumstantially the facts intended to be proved and on which he will rest his right of recovery. This has always been held to be but fair to his adversary, who may rightfully insist that he shall be apprized either by the averments of the complaint or by bill of particulars of the precise and individual offense (in case of suit for a penalty) charged against him (13 *Johns.*, 429; 4 *Johns.*, 194–198; 4 *Denio*, 469; 8 *How.*, 431; 11 *How.*, 408; 14 *Abb.* [*N. S.*], 262).

It will be seen on reference to the first case here cited that the plaintiff declared against the defendant for selling spirituous liquors by retail "*to A. and B.*," contrary to statute. Here the pleader deemed it necessary to name the persons to whom the sale was made. This case is of some value as a precedent on the point under examination. The same form of pleading sems to have been adopted in *Tiffany* agt. *Driggs* (13 *Johns.*, 253; *see statement of the case*). It is quite possible that the complaint is not demurrable because of the omission here complained of (*Blaisdell* agt. *Hewit*, 3 *Caines*, 138; *see statement of the case*). If so, however, the difficulty here suggested is not answered.

The question still remains, whether the defendant in this case, especially in view of the fact that each count contains an allegation as to eight separate sales, and that only one penalty is claimed in each count, is not entitled under the Code (*sec.* 546) to an order requiring the pleading to be made definite and certain in the particular or particulars above discussed, by amendment, or to a bill of particulars under section 531. I am of the

Kee *et al.* agt. McSweeney.

opinion that this question should be answered in the affirmative. I think the defendant is entitled to be informed of the particular sale and sales counted on by the plaintiffs. The name of the person or persons to whom the sales were respectively made should be given, or if unable to give the name of such person or persons, this fact should be so averred with circumstances of sale sufficient to apprize the defendant of the true ground of action relied on ( *Wood* agt. *Wood*, 2 *Paige*, 109). This requirement seems reasonable, to the end that the defendant may be enabled to meet the specific charge. It is suggested by the plaintiffs' counsel that the information demanded is all ready with the defendant, as he must know or has the means of knowledge whether the sale and sales counted on were or were not made, and he cites 1 *Barb.*, 30; 6 *Bos.*, 681; 7 *Jones & Spencer*, 482; 5 *Hun.*, 353–357; 18 *Hun.*, 406; also 59 *N. Y.*, 183, 63 *N. Y.*, 201.

An examination of these cases will show, I think, that they do not quite touch this case in view of the peculiarity of the averments of *sales* in the respective counts. I think the remarks of the chancellor in *Wood* agt. *Wood* (2 *Paige*, 113) applicable to this case (*See, also,* 10 *Abb. N. C.*, 479). The defendant is, as I think, entitled to have the charges against him specific and definite on paper. In this case he may not know—certainly he is not informed by the complaint—against what particular charge (sale) he will on the trial be held to make answer. If the sale and sales were made by his agent, he would not have personal knowledge, yet proof of sales by his agent or servant would conclude him on the trial.

I conclude, therefore, that the plaintiffs should either make the complaint more definite and certain by amendment as to the person and persons to whom the alleged sales were made, or serve a bill of particulars, giving the requisite information in that regard. If unable to give the name or names it should be so stated, with such circumstances as would identify, to some extent, the transaction counted on (*See order*).

No costs of motion.

A motion having been made herein on an order to show cause for an order requiring the plaintiffs to make the complaint more definite and certain by amendment, or for a bill of particulars, as stated in said order to show cause, on reading the affidavit of the defendant, verified August 6, 1882, with said order to show cause attached, and on inspecting the complaint herein, and after hearing Mr. Paris for the motion and Mr. Brown opposed,

*It is ordered,* That the plaintiffs either make the complaint herein more definite and certain by amendment, by stating the name and names of the persons to whom the sales charged therein were made, or serve on defendant's attorneys a bill of particulars, giving such information, or in case of inability to give the name and names of such persons, then by stating grounds for the omission, and the time to answer the complaint herein by the defendant is hereby extended for twenty days after the service of the amended complaint, or the bill of particulars, whichever the plaintiffs may elect to do.

No costs of motion allowed to either party.

Let this order be entered in Warren county.