### WRAY v. PENNSYLVANIA R. CO.

*(Supreme Court, Special Term, New York County.* November 26, 1888.)

QUI TAM AND PENAL ACTIONS—FAILURE TO POST SCHEDULE OF FERRIAGE—COMPLAINT.
   Laws N. Y. 1888, c. 260, § 1, require a schedule of rates of ferriage to be posted in a conspicuous and accessible position outside of and adjacent to each entrance to certain ferries, and in at least four accessible places, in plain view of the passengers upon each boat. By section 2 any person failing to comply with section 1 shall forfeit $50 for each and every day of failure, to be recovered by any person suing therefor. In an action to recover a large sum for violating the act many days, *held,* that the complaint should set forth each alleged violation as a separate cause of action, and should state whether the alleged violations were in failing to post the schedule at the entrance to the ferry, or in the four places on the boat.

At chambers. On motion to make complaint more definite.
*John A. Amundson,* for plaintiff. *Scribner & Bright,* for defendant.

LAWRENCE, J. This is an action brought to recover the sum of $10,500, alleged to be the amount of certain penalties incurred by the defendant by reason of violations of the provisions of chapter 260 of the Laws of 1888. That act provides as follows: "Section 1. Within thirty days after the passage of this act every person, corporation, or association owning, leasing, operating, or controlling any ferry in this state, or between this state and any other state, operating from or to a city of 50,000 inhabitants or over, shall post in a conspicuous and accessible position, outside of and adjacent to each entrance to such ferry, and in at least four accessible places in plain view of the passengers upon each of the boats used on said ferry, a schedule, plainly printed in the English language, of the rates of ferriage charged thereon, and authorized by law to be charged for ferriage over said ferry. Sec. 2. If any such person, corporation, or association shall fail to comply with the provisions of section 1 of this act, or shall post a false schedule, they shall be guilty of a misdemeanor, and, in addition, shall forfeit and pay the sum of $50 for each and every day they shall neglect or refuse to post such schedules or any of them, to be recovered by any person who shall sue therefor in any court of competent jurisdiction." It is alleged in the complaint as a first cause of action that the defendant is a foreign corporation, organized under the laws of the state of Pennsylvania, owning, leasing, operating, or controlling a certain ferry at the foot of Cortlandt street, in the city of New York, (which is a city containing 50,000 inhabitants or over,) running from the foot of Cortlandt street, in said city, to Jersey City, and known as the "Cortlandt-Street Ferry;" that the defendant corporation has utterly failed to comply with the provisions of the act, which is set forth in full in the complaint, and has wholly neglected and refused, as thereby required, to post schedules of the rates of ferriage charged, or authorized by law to be charged, for ferriage over said ferry, for a period of 105 days, and upward, since the expiration of 30 days after the passage of said act. The second cause of action stated in the complaint relates to the Desbrosses-Street Ferry, alleged to be operated or controlled by the defendant, and the plaintiff avers each and every allegation in the second and third paragraphs of the complaint under said first cause of action, as if they were therein repeated with reference to said last-mentioned ferry. It will thus be perceived that the plaintiff's claim is for penalties amounting, in respect to each ferry, to the sum of $5,250. It is now moved that the complaint be made more definite and certain by stating separately and numbering each alleged cause of action therein set forth, and also by stating whether each of said alleged causes of action

is claimed to have accrued by reason of the defendant's pretended failure to post schedules of its rates of ferriage in a conspicuous and and accessible position outside of and adjacent to each entrance to its ferry, or by reason of its pretended failure to post such schedules in at least four accessible places in plain view of the passengers upon each of the boats used upon its ferry; and, in case it is claimed that such alleged causes of action are for a pretended failure to post said schedules at said entrances to such ferry, by stating specifically at what entrances to such ferries such failure is claimed to have existed; and, in case such alleged causes of action are for a pretended failure to post said schedules upon the defendant's ferry boats, by stating specifically the boats upon which it is claimed such pretended failure occurred, and also for such other and further relief as may be proper. This being an action of a highly penal character, the defendant has the right to demand that it should be apprised of the precise grounds upon which the plaintiff claims that it has violated the statute, and that the plaintiff has become entitled to the large sum of money for which he demands judgment.

In *Kee* v. *McSweeney*, 15 Abb. N. C. 229, Mr. Justice BOCKES held that a complaint in an action brought to recover penalties for a violation of the excise laws should state the names of the persons to whom the several sales were made, or an excuse should be given for not doing so, and in that case such circumstance should be stated as will to some extent identify the transaction complained of, or the complainant should be compelled to make the complaint more definite and certain, or furnish a bill of particulars. The learned judge, in his elaborate opinion, refers to numerous authorities which support the conclusion at which he arrives, and it is not necessary for me to recapitulate them here. An examination of the complaint in this action shows that the plaintiff wholly fails to disclose whether the violations claimed to have been committed consisted in omissions to post the schedules referred to in the act at the entrance to the ferry, or in the other four accessible places therein mentioned. The defendant is entitled to be informed as to the precise violation of the act with which it is charged. *Roediger* v. *Simmons*, 14 Abb. Pr. (N. S.) 256. Furthermore, I am of the opinion that it was the duty of the plaintiff to have stated each alleged violation of the act as a complete cause of action by itself. It is very doubtful whether, under the decisions in *Fisher* v. *Railroad Co.*, 46 N. Y. 644, *Foote* v. *Same*, 50 N. Y. 693, and *Barker* v. *Same*, 61 N. Y. 655, the plaintiff would be entitled to recover more than one penalty for all the alleged violations of the act committed prior to the commencement of the action. If so, the defendant has a right to have the several alleged causes of action definitely set forth, so that it may demur thereto, or move for such other relief in respect to the same as the law entitles it to. I am of the opinion, therefore, that this motion should be granted, to the extent of requiring the plaintiff to set forth the particular violations of the statute complained of, as heretofore stated, and of requiring him to separately state and number his different causes of action. The order to be entered hereon will be settled on notice.