## GARY *v.* EATON CIRCUIT JUDGE.

PLEADING—BILL OF PARTICULARS—DISCRETION OF JUDGE—TORTS.
  In an action of criminal conversation, a circuit judge may, in
  his discretion, require the plaintiff, whose declaration is gen-
  eral, to furnish a bill of particulars, specifying the particular
  place and date of each alleged act of intercourse.

*Mandamus* by Fanny Gary to compel Clement Smith,
circuit judge of Eaton county, to vacate an order requiring
relator to furnish a bill of particulars.   Submitted Decem-
ber 16, 1902.   (Calendar No. 19,670.)   Writ denied
December 29, 1902.

In an action of *crim. con.*, brought by the relator
against one Pearl Darling, the court made an order direct-
ing her to furnish a bill of particulars.   The declaration
contains four counts.   Each count alleges that on a certain
day, "and on divers other days between that date and the
commencement of suit, to wit, at the city of Eaton Rapids,
in said county, to wit, at the township of Hamlin, in said
county, the defendant had illicit carnal intercourse with
plaintiff's husband."   The order required the plaintiff to
furnish a bill of particulars, specifying the particular place
and time and the date of each of the alleged acts of inter-
course and clandestine meetings of which plaintiff intended
to give evidence, and upon which she intended to rely.
Relator insists that the court had no power to order a bill
of particulars, and asks the writ of *mandamus* to compel
him to vacate the order.

*J. M. & J. L. Powers*, for relator.

*J. M. C. Smith* and *John M. Corbin*, for respondent.

GRANT, J. (*after stating the facts*).   Bills of particu-
lars in actions of tort do not rest upon any strict legal

right.   They rest in the sound discretion of the trial court, to be required or refused, according as justice and fair dealing require.   The declaration in this case is general, fixing neither time nor place.   The charge is a serious one. Plaintiff has charged acts of sexual intercourse and clandestine meetings.   If she, when planting her suit and making these charges, was unable to fix time and place, then her suit would become a dragnet, and the defendant compelled to meet any act which plaintiff might fish up in this process against her.   When specific acts of this character are charged, it is but justice to the party against whom they are charged that he be furnished with time and place of the alleged acts, so he may be able to prepare to meet them upon the trial.   This practice at the common law is thoroughly discussed by Chief Justice Shaw, in *Com.* v. *Snelling*, 15 Pick. 321.   *Tilton* v. *Beecher*, 59 N. Y. 176 (17 Am. Rep. 337), was an action of *crim. con.* The trial court declined to require a bill of particulars, on the ground that it did not possess the power to do so. The court of appeals reversed the decision, holding that it rested in the sound discretion of the trial court, and remanded the case, with direction to the court below to exercise its discretion upon the merits.   The practice is there thoroughly examined and the authorities cited. They fully sustain the respondent in making the order.

The writ is denied.

The other Justices concurred.