## UNITED STATES OF AMERICA

*v.*

## FONG HING.

### December 22, 1911.

1. *Indictment—Offenses charged in general language of statute—Bill of particulars:* The allegations of an indictment for violation of the statute against the importation and use of opium, 35 Stat. 614, being in the general language of the statute, the court on motion orders

a bill of particulars as to time and place of importation (under one count), time and place of other alleged acts (under another count), and names of persons whom the defendant is charged with having assisted in importation (under another count). A bill of particulars as to certain other items refused.

2. *Same—Election between counts:* When two or more distinct offenses are properly charged in separate counts of an indictment, the government will not be required to elect before the trial upon which one of such counts it will proceed against the defendant, unless it appears that the defendant would be prejudiced or embarrassed without such election. *United States v. Leau Hung*, 3 U. S. Dist. Ct. Haw. 552, followed.

*Indictment:* Motion for bill of particulars and to compel election between counts.

*Thompson, Wilder, Watson & Lymer* for the motion.
*W. T. Rawlins,* Assistant U. S. Attorney, contra.

CLEMONS, J. The defendant is here charged, in an indictment of three counts, with the unlawful importation of smoking opium (first count), the unlawful assisting in such importation (second count), and the unlawful receiving, buying, selling and concealing of smoking opium, and facilitating in such receipt, purchase, sale, and concealment (third count), the allegations in each count being in the general language of the statute as in the indictments under consideration in the cases of *United States v. Ah Foo,* 3 U. S. Dist. Ct. Haw. 487, and the *United States v. Leau Hung,* Id. 553. He moves for a bill of particulars of many items, the nature of which will hereinafter appear, the motion being supported by defendant's affidavit, in which he deposes that by reason of the generality of the indictment and the lack of information contained therein, he is unable to duly prepare for trial, or to prepare such preliminary motions as counsel may advise.

[1]    The decision in the case of *United States v. Ah Foo*, supra, at p. 490, suggests that under an indictment of this kind, "circumstances might require a bill of particulars." No clear rule is laid down by the authorities as to what these circumstances are, but a guide is suggested by some expressions of the Supreme Court of the United States, as to the defendant's being entitled to know matters "essential in the preparation of his defense," *Kirby v. United States*, 174 U. S. 47, 64, and as to the defendant's being protected against "surprise by evidence for which he is unprepared." *Dunlop v. United States*, 165 U. S. 486, 491. Perhaps, the best statement of the matter is contained in the language of a New York court, to the effect that the defendant is entitled to such particulars as will "identify the transaction." *Wray v. Penn. R. Co.*, 4 N. Y. Supp. 354, 355. Courts never refuse a bill of particulars where there is any reason "to believe such particulars necessary to inform the defendant of the particular transactions, or instances," charged, *People v. McKnight*, 10 Mich. 54, 92; and especially, should they be liberal in protecting defendants against what are aptly termed "drag-net" proceedings. See *Gary v. Circuit Judge*, 132 Mich. 205; 92 N. W. 774; *Chipman v. People*, 39 Mich. 357, 362; *Williams v. Commonwealth*, 91 Pa. 493, 502.

On the other hand, the court should be somewhat guarded in the exercise of its discretion, as the bill of particulars necessarily limits the prosecution in its proof, and at all events the prosecution should not be required to disclose its evidence, or to do anything more than state ultimate facts which it is to prove. See *Com. v. Buccieri*, 153 Pa. St. 535, 547; *Higenbotham v. Green*, 25 Hun, 214, 216.

The case falls within the class "where the charges of a valid indictment are, nevertheless, so general in their nature that they do not fully advise the accused of the specific acts with which he is charged, so that he may properly prepare his defense." 22 Cyc. 371. It seems that at least the

following items should be furnished, to fairly enable the defendants to identify the transactions alleged. The motion is accordingly granted as to these items, insofar as the prosecution is able to furnish the desired information:

First count: The time, as near as possible, of the said importation (see *People v. Davis*, 52 Mich. 569, 571); the port or place or such importation (*United States v. Miyamura*, 2 U. S. Dist. Ct. Haw. 1, 3).

Second count: The time and port or place, all aforesaid; also, a description by name or otherwise, of the person or persons whom the defendant is alleged to have assisted in such importation (*Kirby v. United States*, 174 U. S. 47, 64. See *Wray v. Penn. R. Co.*, 4 N. Y. Supp. 354, 355; *Kee v. McSweeney*, 15 Abb. N. C. 229).

Third count: The time (as near as possible) and place of the act or series of acts alleged; the port or place of delivery of the opium.

[2] Insofar as the motion requires an election as to which of the series of acts alleged in the third count the prosecution will rely upon, the motion is denied. *United States v. Leau Hung*, 3 U. S. Dist. Ct. Haw. 552. See also *Burt v. State*, 48 So. 851, par. 5 (Ala.).

As to all other items requested, including the following, the motion is denied:

First count: The means employed in effecting the alleged importation; the exact date of the arrival of the ship or carrier; the port or place of arrival of the ship or carrier; the port or place within the United States at which the contraband opium is alleged to have been received and discharged; the exact amount of opium imported; and description and number of the containers.

Second count: The nature of the assistance rendered by defendant to other persons in importing opium; the means employed; the exact amount of opium imported, and description and number of the containers.

Third count: The exact act or series of acts upon which

the prosecution relies to establish the charge; whether the same constituted the receiving, buying, selling, or concealing of opium, or consisted in facilitating the purchase, sale, receipt and/or concealment of opium; the date or dates of importation; the exact amount of opium imported, and description and number of the containers.

The prosecution may have three weeks within which to furnish the bill of particulars ordered.