## BALTIMORE CITY COURT.

Filed April 2, 1918.

CHARLES L. BLANKFORD
VS.
MARTIN L. McCORMICK AND
CHARLES L. MEISTER.

*Frank, Emory & Beeuwkes* for plaintiff.

*R. B. Tippett & Son* for Martin L. McCormick.

*John C. Kump* for Charles L. Meister.

BOND, J.—

Taking up, first, the objection made by the demurrer alone, that the counts in the declaration do not state good causes of action, apart from all question as to their certainty and particularity, I conclude that the first count does not state such a cause of action and that the other two counts do so. The first count rests upon the allegation that the elevator which was maintained and operated by the defendants was "dangerous, defective and of improper construction." There is no allegation of negligence in having it so, and it might be so without negligence on the defendants' part, and, therefore, without rendering them liable for resulting injuries.

The allegations in all the counts of the connection of both defendants with the supposed wrong is about as general as it could be made, and only in a limited class of cases would a landlord and a tenant, both, be responsible for loss to a third person's property on the premises. The allegation that both united in maintaining and operating the elevator, and that both contributed to bring about the accident seem to me, however, sufficient notice of the fact to be proved.

A question of practice is to be dealt with when we take up the objection that the declaration is not sufficiently specific in its allegations of wrongdoing, of defects and of negligent operation; and that it leaves defendants without the information they should have on these points. One defendant makes the objection by a demurrer, the other by a demand for particulars. Are both steps proper, or is only one; and if only one, which one? There is uncertainty and doubt on this point in our Maryland practice; and a somewhat extended study of it may be justified. That a demurrer will lie in some cases of vagueness and obscurity in the allegations is settled by the decision in Jeter vs. Schwind Quarry Co., 97 Md. 696, and other cases. And it has long been a rule of pleading that there must be certainty and particularity to some degree in the allegations. Stephen on Pleading, pages 267, et seq.; 1 Poe on Pleading, Section 562. In opposition to the demand for particulars the supposed general rule that particulars may not be required in actions of tort is cited. Mr. Poe refers to the belief that there is such a rule, and refers to two decisions in the lower courts refusing particulars in such actions. Mr. Poe himself doubts the existence of the rule (2 Poe's Pleading

and Practice, Sec. 117A). And since the time of the decisions to which he refers, I am sure there have been several decisions in the courts of the city allowing particulars in such actions.

I have searched, but I have not been able to find, any authoritative source for the supposition that particulars may never be had in tort cases, and I believe it to be a mistake. The Maryland statute on the requirement of particulars makes no distinction between actions *ex contractu* and actions *ex delicto*. Art. 75, Sec. 24, 107, of the Code, after providing that either party in a suit may use the common-law forms or the forms just previously set out in the section, for all the various common-law actions in both tort and contract, says: "And either party may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be offered in support of it." So if particulars were ever held not to be permissible in tort actions generally, this statute would seem to have changed that rule. But in Evans' Practice, p. 210 (1st Ed., 1839), it is said: "The principle to be extracted from these cases is, that whenever a declaration or a plea of set-off, or notice of set-off, does not give the other party sufficient information of the claim attempted to be enforced, to enable him to prepare his defense, he is entitled to a bill of particulars." And the cases in which it is allowable, as is noted there, includes suits in ejectment and a great variety of other suits. And if the common-law courts in Maryland should not have the power to require particulars in tort cases where particulars are needed, then they must in some way have lost a serviceable power which came with the English common-law procedure and which was exercised wherever it could be useful in England and elsewhere in this country. It seems that bills of particulars were first made use of at common law to supplement the general allegations of courts in actions of debt and assumpsit; but as similar need arose in any other sort of action the judges adopted this resource in their discretion (3 Ency. Pl. & Pr., 518). The bill of particulars when furnished was not a part of the pleadings, accurately speaking; it was not so circumscribed in scope and function. It could never be demurred to. (1 Tidd's Practice, 596; Blunt vs. Cooke, 4 Man & Granger, 458; Dempster vs. Purnell, 3 Man & Granger, 375, 388). So it was allowable later in the history of common-law practice in actions on the case for negligence (Stannard vs. Ullithorne, 5 Dowling P. C. 370). In trespass (Snelling vs. Chennells, 5 Dowling P. C. 80), in which Baron Parke said to the defendant: "Your affidavit ought to state that you do not know what the plaintiff is going for. Such an affidavit is necessary in order to obtain particulars in every action of trespass, trover, or on the case."

In an action for assault where defendant was one of the Manchester Yeomanry and the alleged assault took place where many thousand people were assembled, particulars of the charge were required (Johnson vs. Birley, 5 Barn. & Ald., 540).

It was, as has been said, allowable in ejectment (Doe d. Birch vs. Phillips, 6 T. R. 597; Doe d. Saunders vs. Duke of Newcastle, 7 T. T. 332n; 2 Leigh, Nisi Prius, 917; Evans' Practice, 210).

In American courts particulars have been required in suits for criminal conversation (Tilton vs. Beecher, 59 N. Y. 176; Gary vs. Eaton, 132 Mich. 105; Vansant vs. Lindsley, 2 App. D. C., 421). In actions on the case for negligence (Hanson vs. Anderson, 90 Wis. 195; McDonald vs. R. R. Co., 25 R. I. 0; Lawrence vs. Keim, 2 Phila. 351). In trover (Robinson vs. Comer, 13 Hun. 291). In trespass (Clarke vs. Ohio River R. R., 39 W. Va. 732; Richmond & Danville R. R. Co. vs. Payne, 86 Va. 481, 483). The requirement of a bill of particulars still maintains, indeed, its character as a step in the exercise of a broad, informal power of a court to see that trials are conducted fairly; and that power appears to be limited only to the fairness and usefulness of its exercise in a particular case. Chief Justice Shaw, of Massachusetts (15 Pick. 331), after a review of the decisions at common law, with especial reference to the allowance of particulars in action of tort, said: "The general rule to be extracted from these analogous cases is, that where, in the course of a suit, from any cause, a party is placed in a situation that justice cannot be done in the trial, without the aid of the information to be obtained by means of a specification or bill of particulars, the court, in virtue of the general authority to regulate the conduct of trials, has power to di-

rect such information to be seasonably furnished, and in an authentic form; and that such an order may be effectual and accomplish the purpose intended by it, the party required to furnish a bill of particulars must be confined to the particulars specified."

The supposition that particulars may never be required in tort actions may have owed its origin to the fact that formerly declarations in such actions were commonly so definite and specific in their statements of the circumstances out of which a cause of action was thought to arise, that a bill of particulars was unnecessary. It is repeatedly pointed out, even in the cases in which particulars have been required, that they may not ordinarily be required in tort actions because they are not ordinarily needed. In Tidd's Practice, 597, it is stated that "In actions for wrongs, the injury complained of is in general stated in the declaration; and therefore in such actions it is not usual to make an order for the particulars; but circumstances may occur which render it necessary."

That very paragraph of Tidd was cited as authority by the Court of Appeals in Black vs. Woodrow, 39 Md. 194, 213, but the portion just quoted being one with which the Court was not there concerned was omitted.

As a result of this inquiry I think it clear that there are in Maryland the two methods for exacting particulars of the ground to be covered by a pleading.

In very few cases have I found any suggestion of a rule for preferring one over the other as a means of obtaining information. The courts of Virginia and West Virginia appear to hold that a bill of particulars must serve only as supplementary to a demurrer, to be resorted to where a demurrer will not reach. Particulars may be required, it is stated, "only in those cases where the declaration or plea is allowably of so general a nature as not to apprise the party of the real cause of action or defense which he is to meet." (Richmond & Danville R. R. Co. vs. Payne, 86 Va. 481, 483; Clarke vs. Ohio River R. R., 39 W. Va. 732, 31 Cyc. 567). But no such rule is given elsewhere, so far as I have investigated; and there is an obvious objection to it. For the single purpose of obtaining particular information it would give two mutually exclusive proceedings, with distinct fields. The propriety of resort to the one or the other of these steps would be determined by the amount of particularity required by good pleading, which is to the last degree uncertain and indefinite. In many cases, under such a rule, the test of the proper proceeding could only be found in the judge's view of what good pleading might require. In practice, therefore, such a rule would seem too fruitful of uncertainty, mistakes and delays to justify itself, unless there should be some counterbalancing value in the distinction it draws. And I do not see any. For the purpose of obtaining information there would seem to be no practical reason for preferring a demurrer. The court has to aid the defendant to avoid anything like an ambuscade, a thing to which no plaintiff is ever entitled, and it would seem to be of no importance that this should be done by requiring a bill of particulars rather than by requiring an amendment of the original declaration. I see no reason why a pleader should not be permitted to waive any question of legal sufficiency of a declaration, and, accepting it as good so far as it goes, demand a bill of particulars for his information.

The Maryland Statute (Art. 75, Sec. 24, sub. sec. 107) does not direct that the bill of particulars shall serve only as supplementary to the demurrer. "Either party," it says, "may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be given in support of it."

My conclusion is that in Maryland, at least, for the mere purpose of obtaining more specific information the bill of particulars is a comprehensive means, available, without distinction, for obtaining information which could also be required by demurrer to the declaration, and information which a demurrer would not reach because the facts would not be required to make up a legally sufficient statement of a cause of action. The bill of particulars might alone be available when the pleadings would on their face make it appear desirable that details be given the other party, as, for instance, in a suit for criminal conversation when it would seem fair in most cases to require that the defendant be furnished with a statement of times and places to be made the subject of inquiry. Or

it might be when the pleadings would be such as to furnish adequate information ordinarily, but when special circumstances makes further information necessary; as in the case of the member of the Manchester Yeomanry sued for assault, who showed that at the time and place specified he was engaged in the performance of his duties and had 2,000 people to deal with.

When two defendants resort to each method, respectively, then the demand for a bill of particulars must necessarily wait upon the demurrer, for if the demurrer is sustained, the declaration will be removed from the case. And of course particulars cannot be given of a declaration which is no longer in the case.

These, I think, are the principles which must guide the decision in such a case as the one now in hand.

The first count of the present declaration states, in substance, that the accident was caused by dangerous, defective and improper construction of the elevator. Apart from the fact that no negligence is alleged in this respect, I will sustain the demurrer because this count is not sufficiently specific to meet the legal requirements. It seems settled that the mere breaking down of the elevator on which the automobile was loaded would not of itself be sufficient to support a finding of negligence. The plaintiff would have to prove a negligent cause. South Balto. Car Works vs. Schaefer, 96 Md. 104; B. & O. R. R. Co. vs. Wilson, 117 Md. 212; Ches. Iron Works vs. Hochschild, 119 Md. 310. And the allegations must inform the plaintiff wherein the elevator was dangerous, defective and of proper construction, so that he may be better prepared with his evidence to meet the attack. On the point of methods of construction the defendant might have to gather evidence from outside his own establishment, and more specific information would seem necessary for this preparation. Jeter vs. Schwind Quarry Co., 97 Md. 696; Carr vs. Commissioners of Anne Arundel Co., 111 Md. 144, 148.

The demand for particulars of the allegations in the first count will necessarily be disregarded. Under this ruling the court is no longer in the case.

The demurrer to the second count will also be sustained for similar reasons. Carr vs. County Commissioners, 111 Md. 144, 148. And the demand for particulars in this count will be disregarded for like reasons.

Both the demurrer and the demand for particulars of the third count will be overruled. Details of a charge of negligent operation cannot always be boiled down to an allegation appropriate to pleading. In such a case it must be remembered that a charge or a finding of want of care in actions in a given situation is a conclusion from a balancing of a variety of possibilities, and men may often disagree on the thing that should have been done while agreeing · that there was negligence in one respect or another.

For these reasons a charge of negligent operation of a vehicle, an elevator or other appliance cannot always, with fairness to the plaintiff, be confined to particular elements. And see Muller vs. Bush Mfg Co., 15 Abb., N. C. 88, 91; McDonald vs. R. R. Co., 25 R. I. 40. Apart from this such a charge would ordinarily give a defendant all the information he needs.

The demand of the defendant McCormick for particulars of the damage to plaintiff's automobile, under every count, will be refused, in the absence of any showing of peculiar necessity for it. Black vs. Woodrow, 39 Md. 194, 213; Retallick vs. Hawkes, 1 Md. & W. 573; 2 Poe's Pl. & Pr., Sec. 117.